**WHITE et al. v. TULLAHASSEE REALTY CO. et al.**

No. 10146—Opinion Filed May 24, 1921.

(Syllabus.)

1. **Pleading—Petition—Sufficiency on Demurrer.**

A demurrer to a petition because not stating facts sufficient to constitute a cause of action can be sustained only where the petition contains defects so substantial and fatal as to authorize the court to say that, taking all the facts to be admitted, they furnish no cause of action, and if the facts stated therein entitled plaintiff to any relief, a demurrer for want of sufficient facts should be overruled.

2. **Corporations—Receivers—Grounds—Mismanagement.**

Where the property of a corporation is being mismanaged or is in danger of being lost to the stockholders through mismanagement, collusion, or fraud of its officers and directors, a court of equity has the inherent power to appoint a receiver for the property of such corporation, and to require its officers to make an accounting upon petition of the minority stockholders therefor.

Error from District Court, Wagoner County; Chas. G. Watts, Judge.

Action by A. White and W. W. Waters against the Tullahassee Realty Company and others for appointment of receiver of the corporation and other relief. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

Brook & Brook, for plaintiffs in error.

G. W. P. Brown and R. Emmett Stewart, for defendants in error.

PITCHFORD, J. This action was commenced by the plaintiffs in error in Wagoner county, Oklahoma, against the defendants in error for judgment, declaring the property of the Tullahassee Realty Company to be a trust in the hands of the other defendants for the interest of all the stockholders, and praying for the appointment of a receiver to take charge of the books, papers, accounts and property of the company, and to audit said books and accounts, and to conduct and manage the business and affairs of the company in accordance with law and the order of the court until further orders of the court.

A general demurrer to the petition was sustained, and the plaintiffs refused to plead further and elected to stand on their petition. Judgment was rendered against them. To reverse this judgment, this proceeding in error was commenced.

The petition is lengthy, but states, in substance, that, in the year of 1910, the defendants A. J. Mason and Ike Mason and the plaintiff White formed a domestic corporation for the purpose of buying and selling land as an addition to the town of Tullahassee; that the capital stock of said company was $1,500, of which amount White paid the sum of $500; that the Secretary of State issued the necessary certificate; that, after the issuance of said certificate, the stockholders of said company chose officers in manner and form as required by law, by electing A. J. Mason as president, A. White as secretary, and Ike

Mason as treasurer. Thereafter the company purchased 40 acres of land lying near the town of Tullahassee for the consideration of $1,500. Afterwards, the plaintiff W. W. Waters purchased one-fifteenth interest in the stock of said company and was chosen as treasurer.

The plaintiffs allege that they have repeatedly demanded certificates to be issued covering their shares of stock, respectively; that the president, A. J. Mason, refused to call a meeting of the stockholders together, or hold any meeting, or issue said certificates; that the defendants refused to turn over any of the money belonging to plaintiff Waters, as treasurer, or to give any information as to the business or finances of said company, and refused to recognize these plaintiffs as having any voice or rights in said company.

The plaintiffs further allege that there has been much of the property belonging to the company sold, and that large sums of money have been received by A. J. Mason, and that said money has not been legally accounted for; that no dividend has been declared or paid in the last six years. It is charged that A. J. Mason is systematically disposing of the funds of said company by appropriating said funds for his own use and benefit, and that he will continue so to do unless a receiver is appointed and an accounting had; that the defendants A. J., J. W., and Ike Mason have constituted themselves as the Tullahassee Realty Company and are running the business to suit themselves.

It is further charged that J. W. Mason has no stock in the company and is not entitled to represent any shares therein, but is in as a dummy, for the purpose of forming a quorum and making such orders as desired by the president; that the president had been repeatedly requested to call a meeting of the stockholders, but when the meeting was called, the same would be immediately adjourned if these plaintiffs were present. and no business would be transacted; that the defendants have continuously and persistently refused to let either of the plaintiffs see the company's books they kept, if any they have, and have continued to sell the property, and have dissipated the funds of said company, and will continue to do so unless a receiver be appointed; that the business is being carried on in derogation of the by-laws of the company and the laws of the state of Oklahoma.

It is further alleged that, if the defendants are not prevented by an order of the court, they will dispose of all the property belonging to the company and appropriate all the proceeds arising therefrom to their own use, and to the irreparable damage of the plaintiffs, who each own shares of stock in said company, aggregating the sum of $600, exclusive of commissions and dividends due the plaintiffs.

The prayer for judgment is as above stated.

Under our Civil Procedure, all fictions in pleadings are abolished. In the construction of any pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties. The petition must contain the name of the court and the county in which the action is brought, and the names of the parties, plaintiff and defendant, and a statement of facts constituting the cause of action in ordinary and concise language.

If the plaintiffs in the case at bar could, upon trial, establish the allegations contained in the petition, there would be no question but that they had been grossly imposed upon. Under these allegations. the affairs of the company have been under the domination of the defendants, who have continued to violate the trust. The law requires of the majority in the control and management of a corporation the utmost good faith to the minority stockholders. It is of the essence of this trust that it should be so conducted as to produce for each stockholder the best return for his investment. This Tullahassee Realty Company was formed for certain purposes. Each stockholder in subscribing for stock and in paying therefor had a right to share in the proceeds of the enterprise in proportion to the amount he invested. Under the allegations of the petition there can be no question but that a wrong has been perpetrated, and it is one of the fundamental principles of jurisprudence in all civilized countries "That for each wrong there should be a remedy." The Masons have entire control of the affairs of the company, and have utterly failed in their plain duty to the plaintiffs, not because of matters beyond their control, but because of fraudulent mismanagement and misappropriation of the funds. We make this statement on the theory that the demurrer confesses the truth of the allegations of the petition. The plaintiffs have a right to go into a court of equity and insist that the defendants shall not be permited to retain the money of these plaintiffs to be used for the sole advantage of the defendants. and a court of equity should not permit this injustice on the part of the defendants by denying to plaintiffs the relief to which they are entitled as disclosed by their petition.

It is contended by the defendants that the appointment of a receiver is an ancillary remedy in aid of the primary object of litigation between the parties, and that such relief must be germane to the principal suit, and that the action of the plaintiffs was primarily for the appointment of a receiver, and they contend that the judgment of the trial court in sustaining the demurrer was correct. We are of the opinion that the petition clearly discloses the converse of this contention. The plaintiffs are asking that their rights be first ascertained by the court, and in the event these rights as alleged in the petition are established by the evidence, then they ask that the court appoint a receiver in order that these rights might be secured to them. Under this view, the appointment of the receiver would be ancillary to the main action.

If in the opinion of the defendants the plaintiffs failed to state their cause with clearness and precision so that the precise nature of the claim made against the defendants was not apparent, the remedy of the defendants was not to demur, but they should have filed a motion to compel the plaintiffs to make their petition more definate and certain. When the petition states any fact upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained thereto.

In Jackson v. Moore, 79 Okla. 59, 191 Pac. 590, the rule is stated as follows:

"A demurrer to a petition because not stating facts sufficient to constitute a cause of action can be sustained only where the petition contains defects so substantial and fatal as to authorize the court to say that, taking all the facts to be admitted, they furnish no cause of action, and if the facts stated therein entitled plaintiff to any relief, a demurrer for want of sufficient facts should be overruled."

In Emmerson v. Botkin, 26 Okla. 218, 109 Pac. 531, the first paragraph of the syllabus is as follows:

"A general demurrer to a petition, which attempts to state several causes of action, should be overruled if any of the statements of causes of action contained in said petition are good."

The defendants contend that there is no allegation in the petition that the corporation is insolvent or threatened with insolvency by the action of the majority of the stockholders, and that the court would be without authority to appoint a receiver in the absence of an allegation of insolvency.

In Union State Bank of Shawnee v. Mueller et al., 68 Oklahoma, 172 Pac. 650, this court, speaking through Hardy, J., said:

"Where the property of a corporation is being mismanaged or is in danger of being lost to the stockholders through mismanagement, collusion, or fraud of its officers and directors, a court of equity has the inherent power to appoint a receiver for the property of such corporation, and to require its officers to make an accounting upon petition of the minority stockholders therefor."

In Hughes et al. v. Garrelts et al., 35 Okla. 321, 129 Pac. 43, the syllabus is as follows:

"Under section 5772, Comp. Laws 1909, where a party moving for a receiver shows that he has a probable cause of action, and that the rents, issues, and profits of the land in litigation are being removed, or there is danger of the same being lost, it is proper and right that the appointment should be made to hold them and prevent loss during the pendency of the litigation, and this without reference to the probable solvency or insolvency of the party against whom the proceedings are brought."

In 34 Cyc. 84, it is said as follows:

"But the rule that a receiver will not ordinarily be appointed at the instance of stockholders is not without limitation or exception. The authorities are sometimes to be reconciled upon the theory that the receivership is not for the purpose of working a dissolution of the corporation, but is merely to preserve the property intact, and to this extent, to say nothing here of statutory provisions under which the general rule is modified, it has been recognized that facts may arise which would justify the appointment of a temporary receiver, even when the court cannot liquidate the affairs of the corporation, and when the corporation is a going concern, and that if on the application of a stockholder for other equitable relief it should be made clearly to appear that the appointment of a receiver is necessary to effect the purpose of the action, the court would have power to make such appointment."

We conclude that the court committed error in sustaining the demurrer. The judgment of the lower court is therefore reversed, and cause remanded, with instructions to overrule the demurrer to the amended petition.

HARRISON, C. J., and McNEILL, MILLER, and NICHOLSON, JJ., concur.