### EDWARDS v. SCHOOL DIST. NO. 222, COTTON CO.

No. 10032—Opinion Filed June 28, 1921.

(Syllabus.)

**1. Pleading—Petition —Sufficiency Against Demurrer.**

As against a demurrer a petition must be liberally construed and all its allegations taken as true and admitted, and if any fact stated entitles plaintiff to any relief, the demurrer should be overruled.

**2. Same — Action on School District Warrant.**

Record examined, and held, that the trial court erred in sustaining a general demurrer to plaintiff's petition.

Error from District Court, Cotton County; Cham Jones, Judge.

Action by R. J. Edwards against School District No. 222, Cotton County. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Charles C. Black, for plaintiff in error.

Madden & Cline and Elliott F. Hook, for defendant in error.

KANE, J. The petition of plaintiff contained several paragraphs, each paragraph, after the first, referring to the others and making them a part thereof. The first paragraph of the petition was an action upon a warrant issued by school district No. 222, and admittedly stated a cause of action against the defendant. The trial court sustained a general demurrer to this petition upon the ground that it failed to state facts sufficient to constitute a cause of action against the defendant, and it is to reverse this action that this proceeding in error is commenced.

It was error for the trial court to sustain the general demurrer to the petition. As against a demurrer a petition must be liberally construed and all its allegations taken as true and admitted, and if any fact stated entitles plaintiff to any relief, the demurrer should be overruled. Hughes v. Martin, 81 Okla. 89, 196 Pac. 951; Danciger v. Isaacs, 82 Okla. —, 200 Pac. 164.

Councel for defendant in error concede that defects in some one or more separate paragraphs of a petition containing several counts will not justify the sustaining of a general demurrer thereto when one of the paragraphs states facts sufficient to constitute a cause of action, but contend that the case at bar falls within an exception to this general rule. We think the case is governed by the general rule.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to overrule the demurrer to the petition.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.