## NALE v. HERSTEIN et al.

No. 10413—Opinion Filed Nov. 22, 1921.

(Syllabus.)

**1. Pleading—Petition—Sufficiency on Demurrer.**

On a demurrer to a petition as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer.

**2. Same.**

Where a pleading states any facts upon which a pleader is entitled to any relief under the law a general demurrer to the same should be overruled.

Error from District Court, Pittsburg County; R. W. Higgins, Judge.

Action by John B. Nale against Milton Herstein and J. H. Bynum for purchase price of land. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

A. C. Sewell, for plaintiff in error.

A. C. Markley and Wilkinson & Scott, for defendants in error.

McNEILL, J. This is an appeal from the judgment of the district court of Pittsburg county, sustaining a demurrer to plaintiff's petition. The petition is very short; recites in substance that on the 18th day of January, 1918, the plaintiff sold and conveyed to defendants by deed his undivided one-fourth interest in and to certain lands, a copy of the deed being attached to the petition and marked Exhibit "A". It is further alleged that the defendants promised to pay the sum of $1,250 on delivery of the deed, and after the delivery of the deed defendant gave plaintiff a check for payment of said land in the sum of $1,250 and said plaintiff accepted the check in payment of the land, not knowing or noticing that the same had written on the same the words, "Check to be cashed when Mrs. J. B. Nale executed the deed." It is further alleged that the check was presented for payment and payment refused. It is further alleged that plaintiff made due and legal demand upon defendants for the consideration, but payment has been refused. It is further alleged that on the 25th day of January, the defendants caused the deed to be placed on record, and have since conveyed and sold the land to a third party and received a consideration therefor, the exact amount being unknown to plaintiff.

The demurrer was a general demurrer attacking the petition for the reason it did not state facts sufficient to constitute a cause of action. In determining this question there are two well-known propositions of law to guide the court, to wit:

"On a demurrer to a petition as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer." Jackson v. Moore, 79 Okla. 59, 191 Pac. 590.

"Where a pleading states any facts upon which a pleader is entitled to any relief under the law, a general demurrer to the same should be overruled." Schreiner v. City Nat. Bank, 76 Okla. 76, 183 Pac. 905.

When we admit the allegations of the petition that the plaintiff sold the land to the defendants and executed the deed therefor, and defendants have failed to pay for the same, and they have accepted the deed, filed the same of record, and then sold the property, the petition states a cause of action. We know of no rule of law that will permit a party to purchase the property of another and accept a deed and sell the property to a third party, and then refuse to pay for the same. The defendant attempted to argue certain defenses; these are not available at this time, but are defenses that must be pleaded and proved.

For the reasons stated, the judgment of the trial court is reversed and remanded, with directions to reinstate the petition and overrule the demurrer.

HARRISON, C. J., and PITCHFORD, ELTING, and KENNAMER, JJ., concur.