THREADGILL et al. v. BOARD OF EDUCATION OF CITY OF COALGATE.

No. 12727—Opinion Filed Jan. 31, 1922.

Rehearing Denied March 14, 1922.

(Syllabus.)

1. Pleading—General Demurrer—Effect.

In considering a general demurrer the allegations in the petition must be taken as true.

2. Same—Consideration—Sufficiency of Petition.

It is the duty of a court, in considering a general demurrer, to apply the law to the facts stated in the petition. If, upon applying the law to the facts so pleaded, the petition states a cause of action, it is reversible error for the court to sustain such demurrer.

3. Schools and School Districts—Illegal Expenditures—Injunction.

Injunction at the suit of a taxpayer is the proper remedy to restrain a school district board from contracting liabilities based upon a pretended or supposed fund which does not, in fact, exist, or from issuing warrants against such pretended fund.

4. Same—Supplemental Appropriations for Districts — Powers of County Excise Board.

The authority granted under the paragraph marked "Second" of section 8, chapter 226, Session Laws 1917, for the excise board to make supplemental appropriations to school districts, is intended to be used when an emergency exists. Before such excise board can legally make a supplemental appropriation to any school district, the financial statement of such school district must affirmatively show an actual surplus in revenue in some fund available for current expenses.

5. Same—Current Expenses — Funds Available.

The equipment of a school district used in conducting the school is not a part of its resources available for current expenses. An inventory of such equipment submitted to the excise board does not show a surplus in revenue available for current expenses and against which the excise board is authorized to make supplemental appropriations to meet current expenses.

6. Same—Constitutional Restrictions.

The intention and plain purpose of section 26 of article 10 of the Constitution of Oklahoma is to require school boards to conduct the operations of the school upon a cash or pay-as you-go plan. The revenue of each year must take care of the current expenses of such year. Any act of the excise board appropriating money for the current expenses of such school based upon an inventory of the equipment of such school is in violation of said section 26 of article 10, and void.

Error for District Court, Coal County; J. H. Linebaugh, Judge.

Action by C. M. Threadgill and twenty other taxpayers of the Coalgate School District for an injunction against the Board of Education of the City of Coalgate. The demurrer of the Board of Education was sustained, and plaintiffs bring error. Judgment reversed, and the cause remanded, with instructions.

C. M. Threadgill and George E. Jahn, for plaintiffs in error.

Trice & Davidson and Brunson & Dudley, for defendant in error.

MILLER, J. This action was commenced in the district court of Coal county by the plaintiffs against the board of education of the city of Coalgate, asking that the defendant board of education be enjoined from issuing warrants against that part of the school budget which plaintiffs allege was fraudulent, by reason of having been illegally amended. To this petition a general demurrer was filed by the defendant, which was by the court sustained. The plaintiffs perfected this appeal, and appear here as plaintiffs in error. For convenience the parties will be referred to as they appear in the lower court.

But one assignment of error is made by the plaintiffs, which is:

"The court erred in sustaining the demurrer of the defendant in error and in refusing to grant the plaintiffs in error the relief prayed for."

Under this assignment of error the real question presented is, Did the petition state facts sufficient to constitute a cause of ac-

tion and entitle the plaintiffs to the relief sought? If it did, the grounds of error assigned by the plaintiffs are well taken. We think the petition stated a cause of action.

For the purpose of considering a general demurrer, the allegations in the petition must be taken as true. The petition discloses this state of facts: On the first Monday in July, 1921, in compliance with section 2, chapter 226, Session Laws 1917, page 410, the defendant board of education made out and certified a budget showing the financial condition of the school district and its estimated needs and resources. It estimated its needs for operating and conducting the school for the ensuing year at $54,600; the estimated resources were $5,392 cash on hand and a 15 mill ad valorem tax upon the valuation of property amounting to about $1,600,000. On the last Saturday of July, 1921, in compliance with section 5, chapter 226, Session Laws 1917, at page 412, the excise board met in regular session at the county seat and considered said budget, and thereafter, while in regular session, and on the 9th day of August, 1921, adjusted and reduced the items of the estimated needs as set out in said budget to come within the estimated resources of about $27,-500, and thereupon the said excise board signed and approved the 'said budget as amended and issued the certificate of approval to the clerk or secretary of the said board of education.

Thereafter, and on the 15th day of August, in the absence of the county judge, who is, by law, made the chairman of the excise board of the county, the other members of the excise board met without any call being issued or published therefor and considered a supplemental budget submitted by certain members of the defendant board of education. This supplemental budget consisted of various items of equipment belonging to the school, some from the domestic science department, commercial department, manual training department, and other departments, which the defendant board of education had inventoried at $15,057, and which said members of the board of education represented to the excise board they expected to sell, and this would increase the amount of money on hand to be used for school purposes in said sum. Thereupon the excise board, in accordance with the amended estimated needs submitted by the said members of the board of education, increased the allowance for expenses to the said school district in the sum of $13,850. It is this appropriation of $13,-850 so made by the excise board that these plaintiffs seek to enjoin the said defendant board of education from drawing any warrants against.

The plaintiffs further state that the bonded indebtedness of the school district is approximately $131,250, together with deficit in the sum of about $20,000 for the school year which closed June 30, 1921, and also a judgment against the said school district in the sum of about $9,000.

In the fourth paragraph of their petition they state.

"Fourth. Plaintiffs further state that the said board of education have not any intention of selling and disposing of the said school property listed in said amendment and have had no meeting of said board in which they have considered by motion or otherwise the matter of disposing of said property for the purpose of increasing the resources for operating and conducting the said schools or for any other purpose, and the said amendment should be stricken from said budget and the said defendant should be restrained and enjoined from issuing warrants or making debts or incurring obligations based upon the said amendment."

That injunction is the proper remedy is settled in the case of Kellogg v. School District No. 10, 13 Okla. 285, 74 Pac. 110, wherein the court said:

"Injunction at the suit of a taxpayer is the proper remedy to restrain a school district from contracting for or constructing school houses at unauthorized places, and contracting liabilities therefor which the district would be liable for and the taxpayers required to pay."

The defendant has not pointed out any law under which they claim to have made the supplemental appropriation. We assume they were acting under section 8, chapter 226, Session Laws 1917. The first paragraph of this section reads as follows:

"Whenever the public welfare or the needs of any county, township, city, town or school district shall require, the excise board may, on call of the chairman, convene at any time for the purpose of making supplemental or additional appropriations for current expense purposes; provided that all such appropriations, authorizing the creation of an indebtedness, shall come within the limitations of section 26, article 10, of the Constitution. No supplemental or additional appropriation shall be made for any county, township, city, town or school district in excess of the income and revenue provided or accumulated for the year. As to all such proposed appropriations the following procedure shall be followed: * * * "

The paragraph marked "Second" reads as follows:

"Second: If the financial statement herein required shall correctly reflect a surplus in

revenue in any fund available for current expenses, and the excise board shall so affirmatively find, it may make supplemental appropriations to an amount not exceeding the aggregate of such surplus."

The plaintiffs complain that this meeting of August 15th was not called by the chairman as provided in said section 8. It is not necessary for us to pass on the question whether or not anyone but the chairman could convene a special meeting of the excise board if the welfare or needs of the public require it, and we are not expressing any opinion on that question.

The evident object of section 8, supra, was to provide for emergencies or things occurring after the excise board had concluded its regular work for the year. This amended budget of estimated resources, consisting of the equipment of the school, did not add anything to the revenue of the school district that would authorize the excise board to take any further action or make any further appropriations. The equipment of the school is not a part of its resources available for current expenses. We do not mean to say that the board of education could not sell some article or articles of equipment that it did not need or which were no longer useful. If the board of education could sell the school equipment to pay the current expenses of the school, then it could sell the buildings and the school site to meet the current expenses. By this process of meeting the expenses, the school district would soon be without either school grounds, buildings, or equipment. It would not have any place to hold a school or any equipment with which to conduct it. The framers of the Constitution evidently had in mind that in the state school system they were providing for the schools should be permanent. Safeguards have been thrown around the school districts to prevent them from incurring excessive indebtedness just as has been done in regard to cities, towns, and other municipal subdivisions of the state.

In O'Neal Engineering Co. v. Incorporated Town of Ryan, 32 Okla. 738, 124 Pac. 19, the second paragraph of the syllabus reads:

"The intention and plain purpose of section 26, art. 10, of the Constitution, is to require municipalities to carry on their corporate operations upon the cash or pay-as-you-go plan. The revenues of each year must take care of the expenditures of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided."

The plaintiffs say in their brief they are unable to find any authorities that are squarely in point with facts similar to the facts in this case. The defendant in error has not cited any authorities. It is probable that other boards of education have not been so resourceful, or they have not had so little regard for the perpetuity of the school system.

Under the allegations in plaintiffs' petition, we are forced to conclude that the only object the defendant had in making the inventory of this equipment and submitting it as resources of the school district, and thereby obtaining additional appropriation, was that it might draw warrants against the pretended fund which did not, in fact, exist. This would create an additional indebtedness upon the school district, and by this method the board of education would be evading section 26, art. 10, of the Constitution. The inventory of the equipment not being resources of the school district available to meet current expenses, the action of the excise board of August 15, 1921, in allowing appropriations against these items was void.

Applying the law to the allegations contained in the petition of the plaintiffs, it states a cause of action for an injunction, and the demurrer should have been overruled. The judgment of the district court of Coal county is reversed, and this cause is remanded, with instructions to overrule the demurrer of the defendant and take such further proceedings as are not inconsistent with the views herein expressed.

PITCHFORD, V. C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.