## MYERS v. PURDY et al.

No. 10980—Opinion Filed March 17, 1925.

1. **Process—Service by Publication on Affidavit Made a Year Before Filing Suit —Invalidity.**

An affidavit made one year and two days before suit is filed, and which affidavit is made for the purpose of obtaining service by publication, is insufficient, and notice by publication thereunder confers no jurisdiction of the person or subject-matter.

2. **Same—Recitals of Affidavit Negatived by Judgment Roll.**

Where material statements are made in an affidavit that due diligence has been used to discover the whereabouts of the defendant, and such an affidavit as to due diligence is wholly contradicted by the judgment roll, such an affidavit is insufficient to authorize notice by publication thereunder.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Henry Myers against A. H. Purdy and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded with directions.

J. J. Bruce, for plaintiff in error.

Rice & Lyons and Thrift & Davenport, for defendants in error.

LESTER, J. The plaintiff. Henry Myers. instituted this action in the district court of Creek county, on the 27th day of December, 1918, against A. H. Purdy, A. J. Combs, and the Roxana Petroleum Company, a corporation, defendants, to quiet title to 40 acres of land described in the plaintiff's petition.

It was alleged, in substance, in the amended petition filed by the plaintiff, that Henry Myers, the plaintiff, is a citizen and member of the Creek Nation, enrolled as such opposite Roll No. F-4041, and that the land described in the petition was allotted and received by the plaintiff as his homestead allotment, and that the plaintiff acquired his title under the homestead deed attached to the plaintiff's petition as "Exhibit A."

That the defendants claim some right, title, interest, or estate in and to the land adverse to the title of the plaintiff, which constitutes a cloud on the plaintiff's title, and, unless canceled and set aside by the court, will irreparably injure said title and interest of the plaintiff.

That the plaintiff does not know the nature of defendants' claim, but is advised, believes, and alleges that the defendants, A. H. Purdy and A. J. Combs, claim some interest in the land adverse to the plaintiff, by reason of a certain deed executed by John S. Woofter, sheriff of Creek county, Okla., to the defendants, A. H. Purdy and A. J. Combs, on or about the 21st day of November, 1917, under an order of the district court of Creek county, made and entered on November 19, 1917, approving sale of real estate theretofore made in a suit then pending in said district court.

That the order of sale was made and entered in the district court in pursuance of a mortgage foreclosure in an action then pending in said court wherein F. M. Nichols was plaintiff, and Henry Myers et al, were defendants, being case No. 5460, civil, and that the action was a suit to secure personal judgment against Henry Myers and Sallie Myers, and foreclosure of real estate mortgage upon the property described.

That the judgment rendered in said cause of action against Henry Myers and Sallie Myers, his wife, on April 2, 1917, the order approving sale, and the deed executed in pursuance of said judgment, order of sale, and order approving the sale in said action, and mortgage foreclosure, are all absolutely void and of no effect, and conveyed no title or interest in said land to said Purdy and Combs, as against the plaintiff, Henry Myers, for the reason that the district court in said action, wherein F. M. Nichols was plaintiff and Henry Myers et al. were defendants, never acquired jurisdiction of the persons of Henry Myers and Sallie Myers, his wife, nor the subject-matter of the suit, and that the court was without power and authority to make and render the order foreclosing said mortgage and order of sale of the property, in that the defendants, Henry Myers and Sallie Myers, were not served with summons in the suit, as required by law; that they had

no notice or knowledge of the pendency of the suit and made no appearance.

That the plaintiff, and his wife, at the time of the institution of the suit, and on the date of the execution of the mortgage alleged to have been foreclosed, were citizens and residents of Muskogee county, Okla., and that the residence of the plaintiff, Henry Myers, was disclosed by the mortgage records of Creek county, Okla. That he, Henry Myers, was personally acquainted with the mortgagee and had been in constant communication with the mortgagee, had paid the interest of said mortgage at divers times, and that the mortgagee was acquainted with and knew the residence and whereabouts of the plaintiff at all times since and before the execution of the mortgage and at the time of filing the foreclosure action.

The allegations of the petition attacked the sufficiency of the affidavit and notice for service of summons by publication as being insufficient to confer jurisdiction upon the district court of Creek county in the foreclosure action. The affidavit and notice were attached to the plaintiff's petition as exhibits, and that part of the affidavit necessary to be considered is as follows:

"Anderson Stewart, being first duly sworn, states upon oath that he is one of the attorneys in the above entitled cause and that the plaintiff is a nonresident of the state of Oklahoma, he residing in the state of Iowa.

"This affiant states further that service of summons cannot be had upon the defendants, Henry Myers and Sallie Myers, within the state of Oklahoma, by using due diligence; that summons have been issued for each of the said Henry Myers and Sallie Myers, and that the summons has been returned 'Not found,' as to each of said defendants; that alias summons has been issued for the said Henry Myers, and the said Sallie Myers, and that alias summons has been returned 'Not found,' as to each of said defendants; that due and diligent inquiry has been made as to the residence and whereabouts and the post-office address of the said Henry S. Myers and Sallie Myers, and that the residence and post-office address of the said Henry S. Myers and the said Sallie Myers cannot be ascertained, and that this affiant does not know the post-office address or the residence of either the said Henry S. Myers or the said Sallie Myers, and that the residence and post-office address of the said Henry S. Myers and the said Sallie Myers cannot be found by due diligence and inquiry."

It was alleged that the Roxana Petroleum Company asserted some interest in and to said property under an oil and gas lease executed by the defendants, Purdy, and Combs.

The plaintiff in his petition asked that the defendants, and each of them, be required to set forth the nature of their claim, if any, and that the court decree the plaintiff's claim a title to the premises, to be valid and perfect as against any right or claim of the defendants. That an accounting be had as to the rents and profits of the lands during the time the defendants had possession, and all proper and equitable relief.

The defendants filed a general demurrer to the amended petition of the plaintiff, which was, by the court, on the 1st day of May, 1919, sustained, and the plaintiff refused to plead further and elected to stand upon his amended petition. The court, thereupon, entered judgment dismissing the plaintiff's action.

The plaintiff prosecutes this appeal to reverse the judgment of the trial court sustaining the demurrers of the defendants and dismissing the action.

The rule is well established in this jurisdiction that when the petition of the plaintiff is challenged by a general demurrer, such petition must be liberally construed and all of its allegations taken as true for the purpose of the demurrer. Newman v. City of Muskogee et al., 84 Okla. 147, 202 Pac. 1006; Jackson et al. v. Moore et al., 79 Okla. 59, 191 Pac. 590; Threadgill et al. v. Board of Education of City of Coalgate, 85 Okla. 121, 204 Pac. 1100; Nale v. Herstein et al., 84 Okla. 35, 202 Pac. 284; Edwards v. School District No. 222, 82 Okla. 188, 200 Pac. 143.

A petition challenged by general demurrer must be held sufficient if any facts therein stated entitle the plaintiff to any relief, and if the petition states several causes of action in several counts, if any of the counts state facts sufficient to constitute a cause of action, though such facts may not entitle the plaintiff to the entire relief prayed for, such petition is good against a general demurrer. Burford et ux. v. Territorial Land Co. et al., 84 Okla. 102, 204 Pac. 274; Danciger v. Isaacs, 82 Okla. 263, 200 Pac. 164; White et al. v. Tullehassee Realty Co., 82 Okla. 75, 198 Pac. 584.

The plaintiff under his assignments of error presents two grounds for reversal of the judgment of the trial court: First, the insufficiency of the affidavit to obtain service of summons by publication; second, that the notice of publication is void un-

der the Constitution and statutes of this state, in that the notice did not run in the name of the state. The plaintiff contends the judgment of foreclosure is void and defendants acquired no title to the land under the sheriff's deed executed pursuant to the order of sale in the foreclosure action.

Upon further examination of the record, we find the following facts relative to the affidavit to obtain service by publication:

The affidavit, as shown by the jurat of the notary public, is dated November 11, 1915; that it was filed in the office of the court clerk on the 13th day of November, 1916; the notice of publication, issued under the seal of the court clerk, recites that the suit was filed on the 13th day of November, 1916. We quote the following from the affidavit:

"This affiant further states that service of summons cannot be had upon the defendants, Henry S. Myers and Sallie Myers, within the state of Oklahoma, by using due diligence; that summons have been issued for each of the said Henry S. Myers and Sallie Myers, and that the summons has been returned 'Not found' as to each of said defendants. That alias summons has been issued for the said Henry S. Myers and Sallie Myers and that alias summons has been returned 'Not found' as to each of said defendants."

We have a state of facts, as shown by the record, that a suit was filed on the 13th day of November, 1916; that immediately thereafter, summons was issued to the defendants, and immediately thereafter, on the same date, summons was returned showing that the defendants were not found; that immediately on the same date an alias summons was issued, and immediately thereafter, on the same date, the same was returned showing the defendants were not found, and immediately on the same date, an affidavit was filed showing that due diligence was used in order to find the whereabouts of the defendants. We think this portion of the judgment roll impeaches the truthfulness of such an affidavit, that due diligence was used to discover the whereabouts of the said defendants. Litigants who seek to take property on account of such pretended service, where it is evident that cunning and fraud were practiced, will not have the aid of the courts in enforcing judgment obtained thereon. The law presumes that an honest and diligent effort will be made to discover the whereabouts of defendants, where it is sought to obtain an affirmative judgment against them.

The record in this case discloses that the affidavit to obtain service by publication made no reference to the date of filing the suit. Neither does it refer to the date the summons was issued, and the only date from which we can fix a time on which the affidavit was made is contained in the jurat, to wit, November 11, 1915. As stated, the affidavit was filed in the office of the court clerk on the 13th day of November, 1916, just one year and two days from the date it is shown by the date contained in the jurat to have been made. Clearly, the clerk of the court was without authority to issue notice to the defendants by publication, by virtue of the affidavit presented to him by plaintiffs.

In the case of Campbell et al. v. McCahn et al., 41 Ill. 45, referring to the delay in filing an affidavit to obtain service by publication, it is said:

"But it seems obvious that twenty days is an unreasonable time to be allowed to transmit such an instrument from an adjoining county. A few days, at most, with slight effort, is only required for such a purpose. Allowing for the irregularity of the post, or delays of messengers sent for the purpose, no such a period of time should be required, and where it has occurred, it indicates either a want of effort in sending it or inattention in filing it with the clerk. This affidavit, then, was made too long before it was filed to authorize the publication, and the law not having been complied with in this respect, the publication was unwarranted, and being so, it failed to give the court jurisdiction of the person of the defendants."

In the case of New York Baptist Union, etc., v. Freeman J. Atwell, 95 Mich. 239, the court said:

"Defendants in the foreclosure proceedings were attempted to be brought in by publication, on the ground of nonresidence. The affidavit was made on the 15th of the month, and was not filed until the 20th, and an order of publication was made on the latter date. An order of publication must be based upon facts existing at the time the order is made. The rule that as matter of evidence a fact in its nature continuous, being once shown to exist, will often be presumed to continue, unless the contrary be shown, does not apply to the averment of a jurisdictional fact, which must appear as existing at the time the order is made." Bryan v. Smith, 10 Mich. 229; McHugh v. Butler, 39 Id. 185; Armstrong v. Middlestadt, 22 Neb. 711 (36 N. W. Rep. 151).

From the above case it is clear that the particular time or date upon which a particular state of facts is shown to exist is material as affecting the validity of the affidavit, which has reference to the where-

abouts of a defendant, as to whether service may be had upon him by publication. The whereabouts of a party may be easily known at one time by the use of due diligence, and within a short time thereafter his whereabouts cannot be discovered by the use of due diligence. Or by use of due diligence, a party's whereabouts may still be unknown after due diligence has been used to find him. Yet, within a short time thereafter, be may be easily found by the exercise of reasonable diligence. Therefore, after an unreasonable length of time has elapsed from the date of making the affidavit, and such an affidavit is sought to be used for the purpose of obtaining service by publication on such a defendant, the affidavit is void, and such a publication, being based upon such an affidavit, confers no jurisdiction on the court to render a judgment, and certainly an affidavit that is shown to have been made one year and two days prior to the filing of the same with the court clerk for the purpose of obtaining service by publication is null and void.

It is mildly suggested in the brief of the defendants in error that a clerical error in an affidavit securing notice by publication is not material. The record does not bear out the suggestion that there was a clerical error. The jurat was attached to the affidavit, recited the date upon which it was sworn to by the attorney for the plaintiff. The attorney accepted the affidavit and filed the same with the clerk of the court. No reference is made in the affidavit to the particular period of time in which the plaintiff's attorneys used diligence to find the whereabouts of the defendants, and the particular time being the essence of the endeavor to discover the whereabouts of the defendant and fix his status, it was necessary to show in some manner the particular period of time in which such endeavor was made, and the only date shown is recited in the jurat of the notary public.

Paragraph 7 of plaintiff's amended petition is as follows (C.-M. p. 38):

"Plaintiff says that he and the said Sallie Myers were not served with summons in said suit as required by law; that they had no notice or knowledge of the pendency of said suit, and made no appearance in said suit; that he was a citizen and resident of Muskogee, Muskogee county, Okla., at the time of the execution of said mortgage, and at the time of filing of said suit to foreclose said mortgage, and that his residence was disclosed by the mortgage and records of Creek county, Okla.; that he was personally acquainted with the mortgagee, and had been in constant communication with the said mortgagee, had paid the interest on said mortgage at divers times and the said mortgagee was acquainted with and knew the residence and whereabouts of said plaintiff at all times since the execution of said mortgage, and at the time of the filing of said suit to foreclose said mortgage."

Thus it will be seen that the plaintiff stated that he was personally acquainted with the mortgagee; that he had been in constant communication with said mortgagee, and had paid the interest on said mortgage at divers times, and that said mortgagee was acquainted with and knew the residence and whereabouts of said plaintiff at all times since the execution of said mortgage, and at the time of filing said suit to foreclose said mortgage; by filing a demurrer to the petition, the defendant admitted for the purpose of such demurrer the truthfulness of the statement contained in paragraph 7. For the reasons stated, we think the court below was in error in sustaining the demurrer of the defendant to the petition of the plaintiff.

In view of the conclusions herein reached, it is unnecessary to consider the other questions presented. The judgment of the trial court is reversed, and the cause is remanded, with directions to overrule the demurrer and to proceed with the action in accordance with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.