ANDERSON et al. v. MILLER et al.

No. 23800.   Dec. 11, 1934.

Rehearing Denied June 4, 1935.

Dyer & Smith, for plaintiffs in error.

Simons, McKnight, Simons, Mitchell & McKnight, for defendants in error.

BAYLESS, J.  Ralph V. Miller, on behalf of himself and as the assignee of others for the purposes of this action, brought an action in the district court of Garfield county, Okla., against the board of education of the city of Enid, Garfield county, Okla., upon 176 causes of action. The plaintiff and his assignors were employees of the defendant school board, and this action was for the purposes of recovering judgment for unpaid balances upon their salaries after the services had been rendered. R. D. Anderson and others, taxpayers within the school district, petitioned the court for permission to intervene and defend against the claims of the plaintiff, and this permission was granted to them. A judgment was rendered in favor of the plaintiff upon certain of the causes of action (no defense was made to certain other causes of action), and the interveners appeal.

The first assignment of error is based upon the action of the trial court in overrul-

ing the special demurrer to the plaintiff's petition filed by the interveners. This demurrer was upon the ground that the petition showed upon its face that each of the contracts alleged to have been entered into between plaintiff and his assignors on the one part, and the school board on the other part, were actually made prior to the beginning of the respective fiscal years to be covered by said contracts; and that the contracts for the fiscal years 1929-30 and 1930-31 each included portions of indebtedness created, unpaid, and carried over from the respective preceding fiscal years, thereby attempting to charge upon the revenues of each of said years indebtedness created in other fiscal years; both of which asserted actions are alleged to be in violation of our Constitution.

The petition alleged in substance: (1) That Beth L. Ball (one of plaintiff's assignors) was qualified to teach school for said school board during the fiscal year 1928-29, and was notified in May, 1928, by the superintendent of schools of said school district that she had been appointed to teach school for said district during the year 1928-29 at a salary of $1,000; and to this notice was attached a blank form for her to execute and return to the superintendent, indicating her willingness to accept the appointment; (2) that on May 10, 1928, she executed the blank, took the prescribed oath of office, and sent said papers to the said superintendent; (3) that sometime during the month of July, 1928, the school board "approved" and "ratified" the contract; (4) that said school board duly complied with the law with reference to the levy and assessment of taxes to take care of this contract obligation; (5) that she thereafter fully performed all of the services required of her under said contract, and such services were accepted by the school board as full compliance with the contract on her part; and (6) that the school board failed in the sum of $166.69 to pay her said sum of $1,000. Then followed allegations as to the school year during the fiscal years 1929-30 and 1930-31 similar to those above enumerated, numbered 1 to 5, inclusive, with added allegations to this effect; (a) That her agreed salary for the year 1929-30 was $1,166.69, of which there remained unpaid $166.69; and (b) that her agreed salary for the year 1930-31 was $1,166.69, of which there remained unpaid $166.69.

All of the other causes of action were set forth in substantially similar allegations, differing from those above given only in names and amounts. Judgment was rendered upon all of the causes of action contested in the amount found to be due from the fiscal year 1930-31.

The interveners attack this petition by their special demurrer upon the ground that the allegations contained in the petition show that each of the contracts pleaded were actually made prior to the first day of the fiscal year for which they were to be effected. They stress the use of the dates and the words "contract," "approved," and "ratified," and attribute special meaning to these and ignore all else contained in the petition.

When a demurrer is presented to a trial court, there are certain well-known rules of construction which it must follow. The first of these can be found in the case of Hugo State Bank v. Hugo National Bank, 96 Okla. 135, 220 P. 868, and reads:

"Where a party challenges the sufficiency of a petition by a general demurrer, the petition must be liberally construed and favorable to the pleader and against the demurrant."

See, also, Guillott v. Kennedy, 101 Okla. 179, 224 P. 540 and Grubb v. Fay State Bank, 119 Okla. 199, 249 P. 341.

Another rule to be applied is stated in Thacker v. Ross, 105 Okla. 99, 231 P. 1060, as follows:

"In considering the sufficiency of a petition, against a general demurrer, no one particular fact or circumstance alleged should be singled out and made the basis of the action, but all of the facts and circumstances alleged and the reasonab'e inferences to be drawn therefrom should be considered as one connected whole."

The interveners in this action styled their demurrer "special demurrer," but in our judgment the grounds set up therein are those to be classified as falling within the sixth subdivision of section 201, O. S. 1931, which is generally styled the general ground for demurrer. In our judgment the fact that the interveners pleaded in detail the alleged legal deficiencies of the plaintiff's alleged causes of action did not serve to make the demurrer special rather than general. Therefore, in our judgment, this demurrer was to be judged by the rules above stated and the oft-repeated rule of this court that when:

"A general demurrer admits the truth of all of the facts well pleaded in the petition

and the petition must be liberally construed, and all such facts must be taken as true for the purpose of the demurrer, and where a pleading states facts upon which the pleader is entitled to any relief, under the law, the general demurrer should be overruled." Brookshire v. Burkhart, 141 Okla. 1, 283 P. 571; Nale v. Herstein, 84 Okla. 35, 202 P. 284; Threadgill v. Board of Education, 85 Okla. 121, 204 P. 1100.

The allegations contained in this petition concerning the transactions between the employees of this board and the superintendent of the schools or the standing committee for the selection of teachers could not be a contract for two reasons, to wit: (1) The lack of legal authority on the part of those negotiating with the teachers to execute the contract on behalf of the board; and (2) the fact that these transactions all probably took place prior to the beginning of the fiscal year for which the contract was intended to . apply. If the petition of the plaintiff had stopped with these allegations, the construction which the interveners place upon the plaintiff's pleading might be sustained. But the plaintiff follows these allegations with a recitation of the acts which the school board took with reference to these negotiations, all of which took place after the first day of July of the respective years. In addition to this, it is plain to be seen from other allegations in this petition that the plaintiff and those whom he represents made no effort to enter upon the performance of the duties contemplated until after the school board had taken its official action with relation to the negotiations between its representatives and the teachers.

Since it is our duty, as it was the duty of the trial court, to construe the pleading of the plaintiff liberally in his favor, we do not believe it is in keeping with this duty to hold that the negotiations or transactions between the representatives of the school board and the teachers before the first day of July each year was a contract; nor is it in keeping with this duty to say that such contract was ratified by the school board thereafter. We believe it is more in keeping with the purport of these pleadings and the law of contracts generally to say that these teachers, acting upon notice from the representatives of the school board, tendered to the school board as an official body notice of their willingness to contract with said school board to render services during the respective fiscal years, each year being treated separately from all others, and that the acts of the school board with relation to these notices, admittedly done after July 1st

of each year, was the school board's formal acceptance and consummation of the proposed contract at and during a period of time when it was legal for said school board so to contract. The rule of interpretation of contracts applicable is: A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties or the laws relating thereto. It might be well to say at this point that the plaintiff at all times during the trial of the cause refused to be placed in the position of treating the things which transpired prior to July 1st of each of those years as being the contract. The plaintiff relied upon everything pleaded in the petition as having its proper weight and perspective in the light of the intention of the parties, as controlled by the laws relating to contracts between school boards and prospective teachers.

As before stated, the interveners also attack the plaintiff's petition upon another ground: That it shows that for the years 1929-30 and 1930-31, efforts were made to provide for the payment of unpaid balances due from the respective preceding fiscal years in violation of a constitutional inhibition.

It is clear that no such attempt was made in providing for the salary to be paid for the fiscal year 1928-29. The plaintiff pleads that "* * * the said defendant, by reason of its failure to pay the amounts due on the previous year, fixed. the salary of the said Beth L. Ball for the year 1929-30 at the sum of $1,166.69." Practically the same allegation is made respecting the year 1930-31. In our. opinion, where it appears that a municipal subdivision of the state of Oklahoma, in order to pay unpaid balances due from a past fiscal year, includes the amount of such unpaid balance in the consideration for a contract to affect a subsequent year, it thereby attempts to charge the revenues for the subsequent year or years with the payment of indebtedness due for previous years, and, as a consequence, violates our Constitution. However, the statute of limitations had not run against a cause of action for the deficit for any of these years, and it is our opinion that the plaintiff stated a cause of action, not subject to this constitutional objection, on the balance remaining unpaid from the fiscal year of 1928-29. The prayer of the petition is only for the sum of $166.69, and this was the only sum unpaid for either of the three years, with in-

terest from June 1, 1929, which would be the sum due for that fiscal year. It is true that the prayer is not a controlling part of the petition, but it may be looked to in an effort to construe the petition. Therefore, the trial court committed no error when it overruled this objection to the petition.

The plaintiff's evidence was in keeping with these allegations, and while much of the pleadings and evidence was redundant and immaterial to the cause of action, it was sufficient to sustain a judgment on behalf of the plaintiff; and the defendant school board and interveners not having introduced evidence, but rather electing to stand upon their demurrers to the pleadings and the evidence, the trial court correctly rendered judgment for the plaintiff.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and WELCH, JJ., concur.