## MUSKOGEE GAS & ELECTRIC CO. v. STATE et al.

No. 10635—Opinion Filed Feb. 28, 1922.

Rehearing Denied April 18, 1922.

(Syllabus.)

### 1. Corporation Commission — Powers Over Corporations.

The State Corporation Commission is established and its powers are defined by the Constitution of the state. Among its duties it exercises the authority of the state to supervise, regulate, and control public service corporations, and to that end it has been clothed with legislative, judicial, and executive powers. St. L.-S. F. Ry. Co. v. State et al., 81 Okla. 298, 198 Pac. 73.

### 2. Same—Jurisdiction of Appeals.

An appeal may be taken by the corporation whose rates are affected or by any person or corporation deeming themselves aggrieved by such action, and such appeal shall be of right and shall be taken to and reviewed by the Supreme Court only. The jurisdiction of the Supreme Court on such appeal is to consider and determine the reasonableness and justness of the action of the commission appealed from or any other matter arising under such appeal. The order of the commission or rate fixed by it shall, on appeal, be regarded as prima facie just, reasonable, and correct.

### 3. Electricity—Rates to Consumers—Order of Corporation Commission—Reasonableness.

On an examination of the record, the order of the Corporation Commission and the evidence, we think the evidence supports the prima facie presumption in favor of the order of the Corporation Commission.

### 4. Corporation Commission — Jurisdiction of Refunds—Statute.

"The Corporation Commission is hereby vested with the power of a court of record to determine: First, the amount of refund due in all cases where any public service corporation, person, or firm, as defined by the Constitution, charges an amount for any service rendered by such public service corporation, person, or firm, in excess of the lawful rate in force at the time such charge was made, or may thereafter be declared to be the legal rate which should have been applied to the service rendered; and, second, to whom the overcharge should be paid." Section 1, chapter 10, Session Laws 1913. A. T. & S. F. Ry. Co. et al. v. State and Dewey Portland Cement Co., 85 Okla. 223, 206 Pac. 236.

Appeal from Order of Corporation Commission.

Proceeding by the Muskogee Gas & Electric Company, a corporation, to increase the rate to be charged for electric current. Temporary order of the Corporation Commission granting an increase in the rates to be charged. Motion by the Chamber of Commerce of Muskogee and certain citizens to review the temporary order increasing rates. Motion sustained, and former rates reinstated. From the order sustaining the motion, Muskogee Gas & Electric Company appeals. Order affirmed, and proceeding remanded to the Corporation Commission, with instructions to compel Muskogee Gas & Electric Company to make restitution under section 1, chapter 10, Session Laws 1913.

Robert M. Rainey and Streeter B. Flynn, for appellant.

E. S. Ratliff, for appellees.

MILLER, J. This proceeding was instituted September 20, 1918, by appellant, Muskogee Gas & Electric Company, a corporation, filing a petition with the Corporation Commission asking that it grant an increase of rates to be charged consumers of electricity in the cities of Muskogee and Fort Gibson, Okla.

It based its claim for an increase in rates on a comparison of net earnings beginning back in 1916, and by this comparison showed a decrease in the net income for the last year's operation as compared with previous years, and then says:

"In addition to the loss in 'net income' heretofore shown, the further increase in fuel costs to 25 cents and 40 cents per 1,000 cubic feet will add $101,000 to the cost of generation during the coming year on

the same quantity of kilowatt hours generated during the past year. Labor, taxes, and other items will add at least another $25,000 to the cost of manufacture; so that the increased cost of operation for the coming year will amount to not less then $126,000 over the past year. To offset these increased costs, if we assume that the company will retain all the customers it had for the year ending July 31, 1918, and can maintain the same volume of business, the average increase in rate schedules now in effect must be 45 per cent.

"The rate schedule suggested by the company in this application are based on this percentage of increase.

"Wherefore, all the facts considered, applicant asks permission to put into effect the following rate schedules: * * *"

The schedule set out increases the charge for electricity approximately 40 per cent. over the rates existing at the time the petition was filed. The city of Muskogee and the town of Fort Gibson each filed an answer and objected to the Corporation Commission granting an increase.

A hearing was had, and the Corporation Commission, on October 21, 1918, made its order No. 1505, putting into effect a schedule of rates as asked for by the appellant. The order was made on the first day of October, 1918, and the schedule went into effect and applied to all bills rendered on and after the first day of November, 1918. This was putting the higher rate in effect as of October 1, 1918, because the bills for electricity used during the month of October would not be rendered until November 1st. This rate was an emergency rate to meet an emergency that was contemplated. No attempt was made to make a valuation of the property, and none was asked for by this appellant. It at once began charging the increased rate.

On the 28th day of Febuary, 1919, the Chamber of Commerce of the city of Muskogee made an application to the Corporation Commission for a rehearing of the Muskogee Gas & Electric Company's petition. Another application for rehearing on the rates was filed by 507 users of electricity and patrons of the Muskogee Gas & Electric Company. These applications were set down for hearing on March 17, 1919. Afterwards an order was made continuing the hearing to a later date, and on the 19th day of March the Corporation Commission of its own motion made and issued order No. 1547, by which it reduced the rate approximately eight per cent.

On the 9th day of May, 1919, the Corporation Commission issued its order No. 1561, which reinstated the rates for electricity in the cities of Muskogee and Fort Gibson to practically the same basis that existed before the Corporation Commission's order No. 1505 was issued on October 21, 1918.

The appellant appealed to this court from order No. 1561. The case was docketed in this court as No. 10635, Muskogee Gas & Electric Company v. State of Oklahoma et al. In this case a very able and exhaustive opinion was written by Higgins, J., which is reported in 81 Okla. 176, 186 Pac. 730. In this opinion the court remanded the case to the Corporation Commission, with instructions to certify to this court its findings of fact upon which the order was based. The Corporation Commission complied with this order, and its findings of fact are as follows:

"1. The commission finds that for the purpose of promulgating a schedule of electric rates to be applied by the Muskogee Gas & Electric Company that the city of Muskogee and the town of Fort Gibson are inseparable, for the reason that the costs of the current furnished to both municipalties is dependent upon the operation, depreciation, and maintenance of a single plant, and for the further reason that the commission in effecting the rates prescribed in its emergency order No. 1505 could not upon the rehearing of the same matter consistently and without discrimination, correct the rates to be applied to that group of the company's customers located in the city of Muskogee and fail to correct the rates to be applied to that group of the company's customers located in Fort Gibson.

"2. The commission finds that on October 21, 1918, it issued its order No. 1505, by which it allowed the Muskogee Gas & Electric Company to increase its rates charged to consumers for electric energy in the town of Fort Gibson, Okla., and the city of Muskogee, Okla., approximately 40 per cent. and that by reason of the fact that no increase was made for electric current furnished the municipality and the street car company of the town of Fort Gibson and the city of Muskogee, that the increase of 40 per cent. as above referred to was reduced to approximately 32 per cent.

"3. The commission finds that said order No. 1505 was an emergency order, based on an estimate of increase in cost of fuel, material, and labor furnished to the commission by the Muskogee Gas & Electric Company, and designed to guarantee said company an adequate return during abnormal conditions.

"4. The commission finds that neither the increase in fuel, labor, and material, nor the increased use thereof as estimated fully materialized.

"5. The commission finds that the estimates of the various factors used in making a rate base for the commission's order No. 1505 was excessive, and the rate predicated thereon, when applied to actual conditions, gave the company a rate on its investment in excess of that to which it was justly entitled.

"6. The commission finds that the company's estimate as to the increased cost of water alone, amounting to $4,000, was used as one of the factors in arriving at a rate base for the rates put into effect by commission's order No. 1505 and was excessive by $3,300.

"7. The commission finds that the overestimate on the quantity of gas consumed, plus the saving on fuel oil, actual prices, amounts to $22,614.34, and that therefore since this estimate was used as a factor for arriving at the rate base upon which the commission's order No. 1505 was predicated, that said rate base was excessive to that extent.

"8. The commission finds that an apportionment of salaries and general expenses between the gas and electric departments of the company at its former hearing was improperly made, and a proper apportionment of same would reduce the operating expenses of the electric department in the sum of $6,270.67. Since this was one of the factors used in arriving at the rate base upon which commission's order No. 1505 was predicated, the rate reflected in said order was excessive to that extent.

"9. The commission finds that the company, by making an improper distribution of its taxes for the period on which it presented data to be used as a basis of rate increase, and upon which an increase on the commission's order No. 1505 was allowed, the basis which was used was excessive on account of the item approximately $7,308.27.

"10. The commission finds that the estimate presented by the company and accepted by the commission and used as a factor in arriving at a rate base for its order No. 1505. included increased cost of labor and material and increase in federal taxes, was excessive by approximately $13,500. the estimated increase in labor and material being excessive as above stated, and the federal tax item not being properly chargeable the base for rate-making purposes used by the commission in its order No. 1505 was excessive on account of the improper allowance of this item.

"11. The commission finds that as a result of the over-estimates in increased costs of operating expenses alone amounted to an inflation of the base for rate-making

purposes of $52,993.28. This amount was considered by the commission at its original hearing in the fixing of its order No. 1505.

"12. The commission finds that this difference in conclusion arrived at by the different estimates is the result of improper apportionments by the company between departments, and over accrual of taxes for basic year and inflated estimates of the company.

"13. The commission finds that the rate put into effect by its order No. 1505 would yield to the company a net earning for the year ending August 31, 1919, of $170,281.01, which gives $37,224.75 more than the company's estimate of net earnings, and that after deducting five (5%) per cent. for depreciation and eight (8%) per cent. for interest, on valuation offered by the company of $1,143,021.80, there would be left a surplus of $21,688.16 instead of a loss of $15,536.59 as estimated by the company.

"14. The commission finds that the light and power rates heretofore employed by the company to be not only excessive, but illogical and inequitable, both in their relation to each other and to the public, and while this order will slightly reduce the company's rate, it will also readjust them in such manner as to cause them to bear a proper and harmonious relation, and by this process of adjustment in some instances certain steps of these rates will be increased.

"15. The commission finds from the company's report that its earnings have exceeded 5 per cent. for depreciation and 8 per cent. for interest return on investment for many years; that for the fiscal year ending June 30, 1916, the company made a return of 18.68 per cent. on its actual plant investment; that for the fiscal year ending June 30, 1917, the company made a return of 18.56 per cent. on its actual plant investment, and that for the fiscal year ending June 30, 1918, it made a return of 16.5 per cent. on its actual plant investment, which aggregates an actual surplus of $113,474.61 over and above a rate of return of 8 per cent. income, and 5 per cent. depreciation on its total investment, making any reasonable allowance for overhead, or going concern value, there would still be a substantial surplus in which the public has an unquestionable interest.

"16. The commission finds that the company in calculating the equivalent quantities of gas for oil used, showed that it consumed 55.57 cubic feet of gas of 900 B. T. U.'s per cubic feet to generate one kilowatt hour of energy. This wasteful use of gas shows a lack of efficiency in operation, which the commission cannot ignore, when brought to its attention, as other utilities under similar conditions generate a kilowatt hour of energy with a much less quantity of gas, and since a more efficient op-

eration would have materially increased this company's revenue, it is the duty of the commission to require such efficiency in operation as a prerequisite to that return to which an efficiently operated plant might be entitled.

"The commission finds that this company has passed through the war period with earnings greatly in excess of a reasonable return, such as would not be warranted in normal times; that since the rates of this company were promptly and excessively raised to meet a prospective emergency due to war conditions, thereby not only precluding any possibility of a loss on the part of the company but allowing it to reap an excessive return, that upon ascertaining that the estimates upon which the rates provided in order No. 1505 were based were excessive it became the duty of the commission to promptly reduce the rates to conform to actual needs of the company."

The appellant has filed a petition in error, in which it sets out five specifications of error as follows:

"First: That the order reducing said rates is not in accordance with the facts in the case.

"Second: That the order reducing said rates is not in accordance with the law applicable to said case.

"Third: That the commission erred in reducing rates, both as to the law and the facts.

"Fourth: That the rates now establishec are not reasonably compensatory, but are confiscatory and do not yield sufficient revenue to meet the amount fixed by the Corporation commission as being in a measure compensatory.

"Fifth: That the rates were reduced by the Corporation Commission without a full and correct valuation of the property used and useful in serving the town of Muskogee with electricity and against the protest of the plaintiff in error and the law in such cases made and provided."

Appellant has also filed a motion to remand this case to the Corporation Commission for the reception of additional evidence and new findings of fact. In appellant's brief it discusses two propositions: That the findings of fact made by the Corporation Commission and filed in this court are not well supported by the evidence in the record; and this court should remand the case to the Corporation Commission for the reception of additional evidence and new findings of fact.

We do not agree with appellant's contention that the findings of fact of the Corporation Commission are not supported by the evidence.

Order No. 1505 was a temporary order made by the Corporation Commission granting an increase of rates to be charged by the appellant on an estimated or prospective increase in the cost of operating expenses. The public utility is in possession of all the facts relating to its operating expenses and income. The appellant petitioned the Corporation Commission to grant an increase in rates, and the Corporation Commission as an emergency order granted the increase provided for in its order No. 1505. On a petition by the citizens of Muskogee or patrons of the public utility to review the emergency order, the appellant sought to justify the increased rate granted by showing a comparison of net earnings for several years, and that during certain years the net earnings of the compan, were less than for certain previous years. While this may be taken into consideration as one of the facts in establishing a rate, it is not the only fact by which the Corporation Commission is to be guided.

Finding of fact No. 15 is supported by the evidence, and by it the Corporation Commission finds that for the fiscal year ending June 30, 1916, the company made a return of 18.68 per cent. on its actual plant investment; for the fiscal year ending June 30, 1917, its return was 18.56 per cent., and for the fiscal year ending June 30, 1918, its return was 16.5 per cent. For these three years the appellant made an aggregate actual net surplus of $113,474.61 over and above a rate of return of 8 per cent. income and 5 per cent. depreciation on its total investment. Under this state of facts, the actual plant investment of the appellant was reduced approximately $40,000 in 1916, approximately $39,000 in 1917, and approximately $34,500 in 1918. After deducting its surplus earnings for these years, the net earnings of the public utility would not need to be as great in order to make the same percentage of return.

At the hearing the appellant submitted an estimated report of taxes amounting to thousands of dollars. It afterwards admitted that the amount of taxes as estimated in its report was probably too high. The Corporation Commission cut several thousand dollars off of this estimate. Notwithstanding this cut made by the Corporation Commission, the appellant did not see fit to submit its tax receipts or any other authentic data to establish the exact amount of taxes paid. Notwithstanding the Corporation Commission has allowed the appellant 5 per cent. annually for de-

preciation, the record shows that the depreciation has amounted to only approximately 2 per cent.

The evidence clearly establishes that the estimated increased cost of operating expenses upon which the emergency order No. 1505 was based did not materialize. At least, only in a very few items and small amounts as compared with the estimate set forth in the petition of appellant asking for the increased rate. This state of facts alone is sufficient evidence upon which the Corporation Commission should vacate the emergency order and reduce the rates. See Oklahoma Gas & Electric Co. v. Corporation Commission, No. 12358, opinion handed down October 18, 1921, 83 Okla. 281, 201 Pac. 505.

After a careful review of the evidence, it conclusively appears the findings of fact are supported by the evidence and the rates fixed by the Corporation Commission in its order No. 1561 are not confiscatory as against appellant. The prima facie presumption that its order No. 1561 is just, reasonable, and correct is fully sustained by the evidence.

The appellant contends that this case should be remanded back to the Corporation Commission to take further evidence and make a further report. In its fifth assignment of error it complains that the Corporation Commission reduced the rates without a full and correct valuation of the property used and useful in serving the patrons at Muskogee. The appellant in its application for an increase in rates did not ask the Corporation Commission to fix a valuation on its property used and useful as a prerequisite to an increase in the rates, and no such application has been made by any of the parties to this proceeding.

The findings of fact of the Corporation Commission cover the questions at issue and examined into on the hearing. The motion of appellant to remand this case for further hearing before the Corporation Commission and for additional findings of fact is overruled and denied. If any of the parties interested want a valuation placed on the property of the appellant used and useful in furnishing and distributing the electric current and that a rate be fixed in accordance with such valuation, a proceeding may be instituted for that purpose.

The appellant has been collecting an excessive rate for electricity for more than two years, and it should at once rebate the overcharge so collected to the persons entitled thereto. A., T. & S. F. Ry. Co. v. State et al., 85 Okla. 223, 206 Pac. 236.

Order No. 1561 of the Corporation Commission is hereby affirmed, and the appellant is ordered to forthwith make restitution to the parties entitled thereto of the amount it has collected in excess of the rate it should have collected under said order No. 1561, computed from the date said order became effective as specified therein.

This proceeding is remanded to the Corporation Commission for the purpose of making such further orders as may be necessary to compel reparation to be made under section 1, chapter 10, Session Laws of 1913.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER. JJ., concur.