## GUILLIOTT v. KENNEDY et al.

No. 14429—Opinion Filed Feb. 19, 1924.

Rehearing Denied April 1, 1924.

(Syllabus.)

**1. Pleading — Sufficiency of Petition—Liberal Construction.**

In determining whether the petition states a cause of action, when attacked by demurrer, the same will be construed liberally in favor of pleader and against the demurrant, and the allegations of the petition for the purpose of the demurrer must be considered as true.

**2. Same.**

Record examined, and held, the trial court committed error in sustaining demurrer to plaintiff's petition.

Error from District Court, Okmulgee County; John L. Norman, Judge.

Action by Elizabeth Guilliott, nee Francis, against H. E. Kennedy and others. Demurrer to petition sustained, and plaintiff brings error. Reversed and remanded, with directions.

Riley Cleveland, for plaintiff in error.

Wade H. James, S. L. O'Bannon, and E. T. Noble, for defendants in error.

McNEILL, J. This action was commenced in the district court of Okmulgee county by Elizabeth Guilliott, nee Francis, against H. E. Kennedy, Ed Moore, and Edgar Noble to recover approximately $10,-000, alleged to have been wrongfully paid by Kennedy as guardian of plaintiff to Ed Moore and Edgar Noble, attorneys for said guardian. The action is based upon fraud alleged to have been practiced by Kennedy, Noble, and Moore. The court sustained a demurrer to plaintiff's second amended petition and dismissed the action, and from said judgment the plaintiff has appealed.

Paragraphs 3, 4, 5, and 6 of original petition alleged a state of facts disclosing that Kennedy, as guardian of plaintiff, had worked in conjunction with Moore and Noble, whereby the said Moore and Noble obtained a large attorney fee, to wit, $9,-166. To this petition was attached various exhibits. Motion was filed to make this petition more definite and certain, and an amended petition was filed, which contained many of the same allegations. A motion was filed to make the amended petition more definite and certain. A second amended petition was filed, which omitted many of the allegations contained in the original petition, but the various exhibits attached to the original petition were considered as part of the second amended petition. A demurrer was filed to the second amended petition, which was sustained by the court.

The general rule is, when the petition is attacked by a demurrer, the petition must be construed most favorably to the pleader and against the demurrant. This petition alleged that the plaintiff was the owner of an undivided one-half interest in certain lands in Okmulgee county; that H. E. Kennedy was appointed guardian on the 8th day of January, 1916, and acted as such until the plaintiff became of age on the 11th day of December, 1917, when he was discharged. That on said day, plaintiff was adjudged an incompetent and was under disability until the 11th day of April, 1919. It was further alleged plaintiff did not learn of the acts of fraud complained of

until April, 1922, a short time before filing her petition. The exhibits to the petition disclosed that some time in November, 1917, Kennedy as guardian filed a petition in the guardianship proceedings for permission to lease the land of plaintiff for oil and gas, and in said petition alleged there was a certain suit pending in Okmulgee county, where the allotment of William Francis was involved, being the land in question, of which Elizabeth Francis, the plaintiff herein, was the owner of an undivided one-half interest, and it was alleged that it was admitted by all parties to said suit that she was the owner of said interest. That the district court of Okmulgee county had made an order authorizing the receiver of said land to sell an oil and gas lease upon said land, but the order recited that Elizabeth Francis, the plaintiff herein, being a full-blood minor, the district court had no jurisdiction to order a sale of an oil and gas lease on her interest in the land. The petition of Kennedy alleged the land was valuable for oil and gas purposes, and asked that he, as guardian, be permitted to join with the receiver in making a sale of an oil and gas lease upon said land. The petition in the instant case alleges that the lease was sold on the whole tract for $55,000 and that the plaintiff's share was $27,500. There was also attached to the petition as an exhibit a petition filed by Kennedy as guardian in the county court; the exact date this petition was filed in the county court does not appear, nor was the petition sworn to, but the petition filed in the county court contained the allegation that there was a suit pending in the district court wherein one Strawn was plaintiff and Brady was defendant and the allotment of William Francis was involved, and the guardian thought it would be to the best interest of the minor to intervene in said action, and it would be necessary to employ counsel upon a contingent fee. There was also attached to the petition an order of the county court authorizing the guardian to employ counsel to intervene in said action, and the county court approved a contract between the guardian and Moore and Noble, authorizing an attorney fee of 33⅓ per cent. of the amount recovered. Another exhibit attached to the petition is the petition filed by Moore and Noble in the county court wherein it was alleged they had recovered $27,500 by virtue of the litigation and were entitled to one-third of the same, or $9,166.65, and asked the court to authorize the guardian to pay them said fee. An order was made by the county court allowing said amount. The judgment in the case of Strawn v. Brady is also referred

to, wherein it appears that the only controversy in the case was the controversy as to the other one-half interest in the allotment, and not the interest of the plaintiff. There is a recital in that judgment that the guardian of the plaintiff had filed in the case of Strawn v. Brady an amended petition requesting that certain deeds be canceled and held for naught, and that cause of action was continued. The petition in this case does not disclose what deeds were referred to. The petition in this case then alleges that the allegations of the petition of the defendants filed in the county court for their fee were false and fraudulent, as they had recovered no money in the action, and that Kennedy, knowing all those facts and with the intent to deprive plaintiff of said amount, paid the same. There is an allegation, also, that the attorneys never recovered any amount by virtue of the litigation, but the amount of $27,500 had been paid long prior to the plaintiff recovering any judgment. There was also an allegation that the order of the county court allowing the attorney fee was void because the petition or application to allow the same was not signed by the guardian, but we think there is no merit in this last contention.

The second amended petition is very crudely drawn, and very indefinite and uncertain in many respects, but no motion to make the same more definite and certain was filed; if so, it would, no doubt, have been sustained. The defendants, however, only attacked the petition by a demurrer. Therefore, in considering whether the court erred in sustaining the demurrer, the allegations of the petition for this purpose must be considered as true, and the petition must be considered liberally in favor of the pleader and against the demurrant.

We think the petition, by giving it a liberal construction, can be construed as stating, in substance, about the following facts: That Kennedy was the guardian of the plaintiff herein and she was the owner of an undivided one-half interest in certain land. That no one had questioned her title and no suit had been brought by any one against her that put her title in issue. That for some reason unknown, the guardian procured an order to intervene in a case where the plaintiff's title was not questioned, and procured an order of the county court authorizing him to contract with attorneys for a contingent fee of 33⅓ per cent. of what was recovered, and the plea of intervention that was filed by the attorneys in the case of Strawn v. Brady was for the purpose of canceling certain deeds, and the record does not disclose those deeds were canceled. The exhibit does disclose the guardian represented to the county court that the parties to the litigation all agreed that the plaintiff was entitled to her one-half interest in the estate, which was prior to the time of a sale of the oil and gas lease. The petition does allege that the plaintiff's right to one-half interest in the land was not questioned, and the guardian received $27,500 by virtue of an oil lease. Had this action been against the attorneys, it might be subject to the construction that the order authorizing the attorney fee had been fully adjudicated, before the county court, and the fraud, if any, was not extrinsic fraud. But the action is against the guardian and the attorneys, and there is a general allegation that the acts were fraudulent. We think the petition is subject to the construction that the guardian and attorneys were working in conjunction each with the other in procuring the orders to pay said attorney fees, which the plaintiff alleged was fraudulent. There can be no question, under the previous holdings of this court, if the guardian and attorneys were parties acting in conjunction with each other in procuring the order which deprived the plaintiff of one-third of her estate, when there was no one contesting her title, the same would be a fraud perpetrated upon the minor and the court, and an action would lie against them all to recover the same. There being no innocent party in the transaction, but simply an action against the three parties to recover the money that had been paid under orders alleged to have been obtained by the fraud of both parties, we think the allegations of the petition bring the case within the rule announced in the case of Bridges v. Rea, 64 Okla. 115, 166 Pac. 461, and McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739, the same being a direct action on the grounds of fraud.

The defendants contend, first, that the county court is a court of general jurisdiction, and the judgment and orders made within its jurisdiction must be given as much force and effect as judgments and orders and decrees of the district court, and the judgment of the county court, regular on its face, cannot be attacked except as to fraud extraneous to the issues decided by the court, and that under the facts in the case, the judgment of the county court approving the allowance of the attorney fee is conclusive, and was the question adjudicated by the county court, and comes within the rule announced in the case of Clinton v. Miller, 96 Okla. 71, 216 Pac. 135. We think, however, the case of Clinton v. Miller, supra, and that line of cases are distinguishable, for the reason, as heretofore stated, by giving the petition a liberal construction it attempts to allege that the

guardian and the attorneys acted in conjunction with each other in procuring the orders. If so, the minor was never represented in any of the proceedings before the county court. While the facts alleged are not as clear as they should be, yet when considered in connection with the exhibits and excerpts from the judgment, we do not think that it can be said, if the same is given a liberal construction and construed in favor of the pleader and against the demurrer, a demurrer could be properly sustained thereto.

For the reasons stated, the judgment of the trial court is reversed and remanded, with instructions to overrule the demurrer. However, we think the plaintiff, either upon motion of defendants or by the court, should be required to make her petition more definite and certain, and attach all the orders and various pleadings in the different cases.

JOHNSON, C. J., and COCHRAN, HARRISON, and MASON, JJ., concur.