Eva YATES, Angie Coshehe, John Coshehe, Jr., Henrietta Mashunkashey, and Clement Coshehe, an incompetent, and Josephine Coshehe, his guardian, Plaintiffs in Error,

v.

John Francis JOHNSTON, a Minor, and Virgil Camren, his guardian, Defendants in Error.

No. 39387.

Supreme Court of Oklahoma.

Jan. 23, 1962.

Rehearing Denied April 3, 1962.

Shoemake & Briggs and L. M. Colville, Pawhuska, for plaintiffs in error.

Don Hampton, Hamilton & Kane, Pawhuska, for defendants in error.

**JOHNSON, Justice.**

Marian Coshehe Johnston died intestate on September 12, 1957. She had been married to and divorced from Virgil Johnston. During their marriage Virgil Johnston filed a petition for the adoption of John Francis Hunter, now Johnston, defendant in error herein. This petition was filed under number 2409½ in the Juvenile Court of Osage County, Oklahoma, on March 14, 1941. This petition mentioned only Virgil Johnston as petitioner. It was signed and verified by him. It then bore the following at the foot thereof:

"Comes now Mary Coshehe Johnston, Spouse of Virgil Johnston, the petitioner named in the above and foregoing petition, and hereby consents to the adoption therein prayed for, and ask the court to make and enter the decree prayed for therein.

"/s/ Marian Coshehe Johnston

"Subscribed and sworn to before me this 14th day of March 1941."

Sam Gilmore  Court Clerk

By /s/ Carmen A. Colson Deputy

"Seal"

This petition was further endorsed by Beatrice Hunter, mother of the child, giving her consent to the adoption. The child was only two months old at the time.

Following the commencement of this proceeding, a hearing was had and the following decree of adoption was entered:

"State of Oklahoma, Osage County—ss.

**IN THE JUVENILE COURT**
Decree No. 2409½

"In the Matter of the Adoption of John Francis Hunter, Minor,

"By Virgil Johnston and Marian Coshehe Johnston

"This cause coming on to be heard this 14th day of March, A.D. 1941 upon the petition of Virgil Johnston and Marian Coshehe Johnston, his wife, duly verified, for the adoption of the minor child heretofore known as John Francis Hunter, the said petitioners appearing in their own proper persons, and the Court having read said petition and having examined upon their oaths the said petitioners, and the Court being fully satisfied from the testimony submitted herein of the ability of the petitioners to properly rear, educate and maintain said child and their promise not to disinherit said child; which promise is one of the conditions of this decree.

"And it appearing to the Court upon an examination of the said wife that she of her own free will and accord desires the adoption of said child; and it further appearing to the Court that consent in writing by Beatrice Hunter has heretofore been given to the petitioners herein for the adoption of said child, and that said child was born to said Beatrice Hunter out of lawful wedlock, and the Court being fully advised in the premises, it is hereby ORDERED, adjudged and decreed by the Court, that the said minor child heretofore known as John Francis Hunter shall be from this date, to all legal intents and purposes, the child and legal heir of the petitioners Virgil Johnston and Marian Coshehe Johnston, and that the name of said child is hereby changed, altered and declared to be John Francis Johnston and said child shall be, and is hereby entitled to all the rights and privileges and subject to all legal obligations in respect to said petitioners as if to them born in lawful wedlock.

"By the Court.

/s/ L. F. Roberts  (Seal)

Juvenile Judge"

The record discloses that this child grew to maturity as the child of Mrs. Johnston, and he did not know that he was an adopted child until after Mrs. Johnston's death. He believed she was his real mother.

The plaintiffs in error are collateral kindred of Mrs. Johnston, she having died unmarried and without other children. The

defendant in error claims her estate as her only child and sole heir. The County Court so found, and this finding was affirmed upon appeal to the District Court of Osage County. From such judgment the plaintiffs in error appeal contending that the decree of adoption is void for several reasons, the principal one of which is that the petition filed in the adoption proceedings did not name Mrs. Johnston as petitioner. We deem it unnecessary to decide this question which might have been pertinent if timely attack had been made.

The record discloses that Marian Johnston knew of the filing of the adoption proceeding since she consented to same by her verified endorsement.

The decree discloses that Marian Johnston was present at the hearing and was examined by the court, and that she desired the adoption of said child. Thereupon the court decreed such child to be "the child and legal heir of the petitioners Virgil Johnston and *Marian Coshehe Johnston.*"

The proof further shows that for a period of more than sixteen years this child remained with his adopted mother with no knowledge that he was not the natural child of Mrs. Johnston.

In the first place, we are of the opinion that if such procedure were necessary that the pleadings could be considered amended to conform to the proof. Ada-Konawa Bridge Co. v. Cargo, 163 Okl. 122, 21 P.2d 1.

The proof undoubtedly evidenced the intention and desire of both the husband and wife to adopt this child. The court so found and decreed that the child was adopted by both.

Secondly, in 1953 the legislature of the State of Oklahoma amended Sec. 95, Title 12 O.S.1951, and inserted therein what is now designated as subsection six:

"Sixth. An action or proceeding which seeks to vacate, cancel or otherwise attack or to avoid a decree of adoption, directly or collaterally, except in the case of extrinsic fraud shall be brought within one (1) year from the date of entry of decree; provided, that where a cause of action to set aside such decree has accrued on or before the effective date of this Act, the person or persons holding such cause of action shall have until December 1, 1953 within which to pursue his remedy."

It appears that we have not had occasion to construe this statute heretofore. We have no doubts about its application to this case.

It is urged in the only brief comment upon this statute that it was not the intention of the legislature to apply this statute to a void proceeding. In the opinion of this court, this is not a void proceeding.

We therefore hold that any attack upon the validity of this adoption decree is barred by the limitation provided by Title 12 O.S. 1951 § 95, as amended.

Judgment affirmed.