OKLAHOMA HARDWARE COMPANY
et al., Plaintiffs in Error,

v.

COMMON CARRIER DIVISION OF the AS-
SOCIATED MOTOR CARRIERS OF OK-
LAHOMA, Participating in Agent J. D.
Hughett's Tariff No. 27–C, Corporation
Commission of Oklahoma No. 7, et al., De-
fendants in Error.

No. 40706.

Supreme Court of Oklahoma.

June 29, 1965.

Rehearing Denied Aug. 3, 1965.

Wm. L. Peterson, Jr., Hanson & Peterson, Oklahoma City, for plaintiffs in error.

Sidney P. Upsher, Richard H. Champlin, Oklahoma City, for defendants in error.

HODGES, Justice.

This is an appeal from an order of the Corporation Commission fixing rates for

shipments of freight by Class A Motor Carriers in intrastate transportation.

On September 13, 1963, the Common Carrier Division of the associated Motor Carriers of Oklahoma filed with the Corporation Commission of Oklahoma, its petition wherein it asked:

"Increase all rates and charges on shipments of less than 2000 pounds by 10% etc.,"

Hearing was held on April 24, 25 and 26, 1963, and the cause taken under advisement. On July 29, 1963, the Commission entered its order. Insofar as this appeal is concerned, the pertinent part of such order reads as follows:

"The minimum charge for a single shipment from one consignor to one consignee on one bill of lading shall be the actual weight at the class rate or rates applicable thereto, but not less than $2.59; when a shipment moves under a rate made by a combination of separately established rates in the absence of a joint through rate, the minimum charge of $2.59 will apply to the through movement and not to each of the separately established factors; 'and the *minimum rate* under which pick-up and delivery service in accorded or allowance made in lieu thereof, will be 95¢ per 100 pounds on shipments of less than 2000 pounds,' Rates for application to single shipments of five-hundred (500) pounds or less, when shipped not to exceed one hundred fifty (150) miles shall be the presently applicable rates plus an upward adjustment of six per cent."

The appellants here are shippers who object to the order so entered and submit the following propositions:

### PROPOSITION I.

"Jurisdiction, scope of inquiry and review.

(A) Corporation Commission

(B) Supreme Court

### PROPOSITION II.

(A) Can a rate order increasing rates on intrastate shipments of 500 pounds and less be approved where there is no cost of service, equipment required or profit or loss made on intrastate shipments of 500 pounds and less?

(B) Can a rate order be approved where the 'substantial evidence' comes from evidence obtained by the Commission in other hearings and through Commission data and staff studies which are not offered or admitted into evidence at the time of hearing?

(C) The Commission's use of evidence outside the record is a violation of due process of law under Article 2, Section 7, Constitution of the State of Oklahoma, and Amendment 14, Section 1, United States Constitution.

### PROPOSITION III.

The filing by a rate filing organization of the Petition for rate increase was in this case a technical and substantial violation of Title 12, O.S.1961, Section 22 [221], The Real Party in Interest Statute.

### PROPOSITION IV.

In a rate increase application filed by an association of public service corporations, the Commission must take evidence on each public service corporation, or the evidence is insubstantial.

### PROPOSITION V.

The Commission committed errors of law in the admission of evidence sponsored by carriers, which evidence was inadmissible.

(A) The Carriers' Exhibit 7 should have been rejected because the same was not compiled and authenticated by the treasurers of the respective companies as required by 17 O.S.1961, Sec. 13.

(B) Exhibit 7 is based upon revenue figures that do not show profits siphoned off by the owners of the

90

businesses through related proprietorships, trusts and corporations which are also owned by the officers, directors and shareholders of the public service corporation."

The first three complaints, supra, constitute the greatest of the contentions of the plaintiffs in error and will be considered together.

■ The Corporation Commission exercises legislative, judicial and executing powers. Atchison, T. & S. F. Ry. Co. v. State, 82 Okla. 288, 200 P.2d 232, and Muskogee Gas & Electric Co. v. State, 86 Okla. 58, 206 P. 242.

■ The inquiry before the Commission is not narrowly constrained by the technical rules of evidence which prevail at Common Law. Muskogee Gas & Electric Co. v. State, 81 Okl. 176, 186 P. 730.

■ Nevertheless the Commission must act upon "substantial evidence" which is defined in Application of Choctaw Express Co., 208 Okl. 107, 253 P.2d 822, in the body of the opinion as follows:

"* * * In these cases we defined 'substantial evidence' as something more than a 'scintilla of evidence' and said it means evidence that possesses something of substance and of relevant consequences and such that carries with it fitness to induce conviction. * * *"

Again in Chicago, R. I. & P. Ry. Co. v. State, 203 Okl. 659, 225 P.2d 363, we said in the syllabus by the Court:

"Under Article 9, Sec. 20, Constitution of Oklahoma, as amended by Senate Bill No. 61, S.L.1941, page 544, on appeal from an order of the Corporation Commission this Court is required to review the evidence, not for the purpose of determining on which side the greater weight thereof may be, but only for the purpose of determining whether the order appealed from is supported by substantial evidence. If the order appealed from is supported by substantial evidence, it must be sustained."

Within these rules before us let us determine whether there is "substantial evidence" to justify the finding of the Commission. Obviously all of the evidence in a record this size cannot be summarized in a short opinion. We shall therefore present only the high lights sufficient to sustain the order entered.

The petition filed and all of the evidence introduced was directed to the necessity for an increase of rates upon intrastate shipments of "less than 2000 pounds by 10%." Of necessity this designation included shipments of 500 pounds or less. In the hearing the whole picture concerning shipments of 2000 pounds or less was considered. There was no segregation of shipments of 500 pounds or less. It is about this phase that complaint is most strongly urged. There is virtually no objection to the increase of 10% on shipments between 500 and 2000 pounds.

In determining the ratio of expenses to income, there is evidence that a carrier should have an expense ratio of 93 to an income figure of 100. Where the expense is greater than 93% of income, the ratio is too great.

The evidence shows that the eight carriers involved transport 85% of the intrastate motor shipping in the state. The evidence further shows that the ratio of expense to income on intrastate shipments by these carriers is as follows:

| B & B Lines | 96.06 |
| Central Oklahoma Lines | 99.57 |
| K & H Freight Lines | 95.02 |
| Leeway Motor Freight | 95.88 |
| Pioneer Freight Inc. | 97.88 |
| Rochet Freight Lines | 96.41 |
| Ryan Freight Lines | 96.87 |
| Santa Fe Trail Co. | 99.22 |
| Average | 96.91 |

The average figure of 96.91 is a much higher ratio expense to income than the

evidence shows is necessary for a successful operation.

The evidence further supports that portion of the findings of the Commission in their Report and Order wherein they stated:

"Several of the motor carrier representatives have had many years management experience and each was qualified by Counsel for petitioners as an expert witness in the field of transportation. Testimony of motor carrier witnesses was not limited to the particular motor freight carrier of which they are officers or employees, but included information, technical data, and traffic statistics of their personal knowledge, regarding operating problems and economic conditions prevailing throughout the state which are faced to some extent by all Class 'A' Motor Freight, Common Carriers operating in the State of Oklahoma."

The appellants further contend that on December 19, 1961, the carriers participating in Tariff 27-C received a six per cent increase on shipments of less than 2000 pounds and that there was no evidence that the 1961 increase was inadequate or has become inadequate. The evidence discloses, however, that the carriers have sustained substantial increases in costs in such areas as labor and salaries, fuel, and replacement parts since 1961.

The Commission heard testimony that the plight of the carrier was due to the low rate level of the intrastate traffic which involved shorter hauls, but yet the same amount of expense in making pickups, deliveries and processing the freight over the docks; that at the present rate the carrier will be forced to a discontinuance or curtailment of service to some of the smaller communities. The Commission has a responsibility to the public, as well as to the shippers and carriers, in maintaining an economic balance.

We have examined the record and find there was ample evidence for the Commission to conclude from the data presented and the testimony of witnesses with years of experience in the industry that the economic condition of the carrier necessitated a rate increase. It therefore follows that there was "substantial evidence" to sustain the Commission's order.

It will be noted that the evidence thus produced is in the record and is exclusive of any evidence which may have been obtained from other hearings and outside of the record. This obviates the necessity of considering B or C, supra.

The next contention to be considered is that urged in D, supra, that this matter is not being urged by the real parties in interest. Title 12 O.S.1961, § 221. A perusal of the record reveals that whatever the pleadings may reveal that in the actual trial of the cause, the specific carriers interested were not only named, but evidence was produced in behalf of each. It is interesting to note the comment of one of the Commissioners in regard to this particular contention. It is as follows:

"Well, the Commission is confronted with the same proposition that the law requires the Commission to set rates on gins in the state. We never have 200 and some-odd ginners in here; each gin doesn't appear. They appear by organization. We never would arrive at any just figure if we had every ginner in the country here, if each gin were represented. And it's the same matter, as I understand, with reference to the motor carriers. I may be wrong, but that is the impression we have as far as the law is concerned."

Insofar as we have been able to determine this precise point has not been heretofore adjudicated by this court. Under the circumstances evidenced by this record, to-wit, the actual trial of the cause as though the named carriers were the parties seeking relief, we are of the opinion that the rule expressed in the case of Ada-Konawa Bridge Co. v. Cargo, 163 Okl. 122, 21 P.2d

1, applies. The court said in the sixth paragraph of the syllabus by the court:

" 'It is competent for the court to treat pleadings as amended upon an issue which has been fully tried out, where it cannot work substantial prejudice to any of the parties to the action. * * *' Burgner-Bowman Lumber Co. v. McCord-Kistler Mercantile Co., 114 Kan. 10, 216 P. 815, 35 A.L.R. 242."

The body of the opinion supports this view as follows:

"Under the liberal rule which prevails in this state regarding amendments for the purpose of rendering substantial justice, a cause ought not be reversed because there has been a defect or an omission in the allegations of the petition, when such defects or omissions have been fully supplied by the proof and which results in no substantial prejudice to any of the parties to the action. Guilliot v. Kennedy [101 Okl. 179, 224 P. 540] supra; Burgner-Bowman Lumber Co. v. McCord-Kistler Merc. Co., 114 Kan. 10, 216 P. 815, 35 A.L.R. 242; Fire Ass'n of Philadelphia v. Correll (Okl.Sup.) 10 P. (2d) 686."

This case was cited with approval on this point in the case of Yates v. Johnston, Okl., 370 P.2d 23, wherein it is said:

"In the first place, we are of the opinion that if such procedure were necessary that the pleadings could be considered amended to conform to the proof. Ada-Konowa [Konawa] Bridge Co. v. Cargo, 163 Okl. 122, 21 P.2d 1."

■ We therefore hold that the proceeding is in the names of the real parties in interest.

Two objections are urged to the advisability of Exhibit No. 7. The first of these is that it does not comply with Sec. 13, Title 17, O.S.1961. This particular statute reads:

"The Corporation Commission shall in the trial of cases and all special proceedings and hearings admit in evidence only such Balance Sheets, Operating Statements and other Financial Exhibits and Schedules as shall have been compiled and authenticated by the treasurer or other regularly acting financial officer or employee of such person, firm association or corporation as may be a party to the proceeding, action or cause pending before or being tried by said Commission; Provided, that if otherwise relevant and admissible, Reports of Audits, Balance Sheets, Operating Statements and Financial Exhibits and Schedules prepared by employees of said Commission and by Certified Public Accountants under the laws of the State, shall be admissible and accepted in evidence in all cases."

■ However, we are of the opinion that such provision does not apply to the facts of this case. Exhibit 7 is a summary of figures contained in reports made to the Interstate Carriers Commission. The reports so made were authenticated as required by such statute and such reports were introduced in evidence and are in the record in this case. Had there been any discrepancy between such reports and Exhibit 7, such inconsistency would have been uncovered and disclosed by the extended cross examination indulged in. There is no merit in this contention.

■ The second objection urged is that Exhibit 7 does not show "profits siphoned off by the owners of the business." If such profits were siphoned off, this would also be disclosed by the cross examination and would go to the weight of the evidence and not to its competency. The exhibit was admissible.

Order affirmed.