## AVERY v. GOODRICH et al.

No. 14100—Opinion Filed Oct. 7, 1924.

### Gaming—Validity of Contract of Sale for Future Delivery of Cotton.

Where a petition states that a contract of sale for future delivery of cotton was made in accordance with the rules of any board of trade or exchange, where such contracts of sale are executed, and was actually executed on the floor of such board of trade or exchange and performed or discharged according to the rules thereof and was placed by, with, or through a regular member, in good standing, of the cotton exchange or board of trade, organized under the laws of the state of Oklahoma or any other state, it alleges a valid and enforceable contract in the courts of this state, if such contract is further shown to conform with requirements of clauses 1 and 2 of the Session Laws of Oklahoma, of 1917, and that such contract was made subject to the provisions of the United States Cotton Futures Act, approved August 11, 1916.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by C. F. Avery against J. H. Goodrich et al. doing business under the firm name and style of the Weleetka Gin Company, for the recovery of $9,692.92, and interest. Judgment for defendants on general demurrer. Plaintiff brings error. Reversed.

Saunders & Pitman, for plaintiff in error.

Phillips & Douglas, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Okfuskee county, Okla., by C. F. Avery, plaintiff in error, plaintiff below, against J. H. Goodrich, W. M. Bell, W. R. Blake, C. W. Johnston, D. Doyle, W. T. Darr, M. S. Douglass, O. G. Nolen, A. J. Fox, R. E. Lee, and W. A. Parsons, doing business under the firm name and style of the Weleetka Gin Company, defendants in error, defendants below, for the recovery of $9,692.92, with interest thereon at the rate of six per cent. per annum from the 8th day of September, 1921, for money advanced to said defendants in error to pay expenses. losses, and commissions on contract for the purchase of cotton in and through the New Orleans Cotton Exchange of New Orleans, La.

The parties will be referred to in this opinion as plaintiff and defendants as they appeared in the lower court.

The plaintiff alleged, among other things, that he was engaged in the brokerage business in Oklahoma; that he was a member in good standing of the New Orleans Cotton Exchange of New Orleans, La.; that the defendants above named were copartners, operating and doing business under the firm name and style of Weleetka Gin Company. of Weleetka, Okla., operating a cotton gin and buying and selling cotton, and placing orders with the plaintiff, who sent said order by telegram to New Orleans to a resident broker, member of the New Orleans Cotton Exchange, and that said orders were executed by and through H. & B. Beer on the floor of the said New Orleans Cotton Exchange of New Orleans, La., in the month of September, 1921; that he made contract of purchase and sale for the defendants for the future delivery of cotton upon, in, by and through the New Orleans Cotton Exchange of New Orleans, La. (Then follows the dates, amounts and prices paid of the different orders.) That all of said contracts, purchases, and sales were made in accordance with the rules and regulations of said New Orleans Cotton Exchange, and that the said sales were actually executed upon the floor of the New Orleans Cotton Exchange of New Orleans, La., in accordance with the rules thereof; that said orders were placed by, with, and through a regular member in good standing of the said New Orleans Cotton Exchange, and that all of said transactions were made with members in good standing of the New Orleans Cotton Exchange, and that each of. said contracts of sale was made in writing, plainly stating the price, amount purchased, and evidenced by written memorandum, showing the terms of said contract, including the amount purchased, quality of cotton. and the prices paid therefor, and the names and addresses of the seller and buyer, and signed by the party to be charged, or by his agent in his behalf; that said contracts bore the required revenue stamps duly canceled as the law requires, and were made subject to the provisions of the United States Cotton-Futures Act, approved August 11, 1916, and amendments thereto; that the orders of the defendants to buy and sell cotton as aforesaid were sent by telegraph from Oklahoma City to C. F. Avery, plaintiff herein, with the authority and consent of the said

defendants in writing, copies of which were attached, marked, "Exhibits A to F," inclusive, and made a part of the petition; that plaintiff was compelled to and did advance to the defendants to pay expenses, losses, and commissions on said contract for the purchase of said cotton, and to pay the broker's commission, revenue charges, losses, expenses, and disbursements for the use and benefit of the defendants, in the sum of $9,692.92; that a correct, complete, verified, and itemized statement of the account was attached to and made a part of the petition; that demand was made upon the defendants to pay said amount and the defendants refused, and plaintiff prayed judgment for the said amount and interest.

The defendants filed motion to make the petition more definite and certain by setting forth the rules, regulations, and by-laws of the New Orleans Cotton Exchange, which motion was by the court sustained.

The case-made does not set out what was filed by the plaintiff in compliance with this order, but the attorneys for defendants in their brief say that a volume of four hundred pages was filed with the court clerk of Okfuskee county.

The attorneys for defendants then filed a motion to strike all that part of the petition referring to membership of the plaintiff in the New Orleans Cotton Exchange, and all transactions, statements, correspondence, tickets, and exhibits referring to, or setting up, the rules of said cotton exchange or the membership of the plaintiff therein, for the reason that the same are immaterial and unnecessary in this action, which motion was by the court sustained, and exception reserved by the plaintiff, and the plaintiff was given ten days to plead further.

The plaintiff did not amend and the attorneys for defendants then filed a general demurrer, which was by the court sustained, to which the plaintiff excepted, and the plaintiff declined to plead further, and judgment was rendered by the court in favor of the defendants and against the plaintiff, that he take nothing by the action, and that he pay all costs of the action, to which plaintiff excepted, and the cause comes regularly on appeal by plaintiff from said judgment to this court for review.

Attorneys for plaintiff set up five assignments of error, which are as follows:

"1. That said court erred in sustaining the demurrer to the petition of the plaintiff in error.

"2. That said court erred in dismissing said cause.

"3. That said court erred in sustaining the motion of the defendants in error to make the petition of plaintiff more definite and certain.

"4. That said court erred in sustaining the motion of the defendants in error to strike certain portions of the petition of the plaintiff in error.

"5. Said court erred in questions of law arising at the argument of said cause."

There seems to be but one question necessary to be passed upon by this court on this appeal, and that is, Did the court err in sustaining the demurrer to plaintiff's petition and in dismissing the action?

The third and fourth grounds, being upon the questions of the court sustaining the two motions, the one to make more definite and certain and the other to strike, not being necessary to be passed upon to a decision in this cause as one seems to cure the other and leaves the petition as originally filed.

The statute law of this state provides that pleadings should be literally construed. Section 294, Comp. Stat. 1921, is as follows:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

This court has frequently held that where a pleading states any fact upon which the pleader is entitled to any relief under the law, a general demurrer to the same should be overruled.

In the case of Jackson et al. v. Moore et al., 79 Okla. 59, 191 Pac. 590, the court says in the syllabus:

"On a demurrer to a petition as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer.

"A demurrer to a petition because not stating facts sufficient to constitute a cause of action can be sustained only where the petition contains defects so substantial and fatal as to authorize the court to say that, taking all the facts to be admitted, they furnish no cause of action, and if the facts stated therein entitled plaintiff to any relief, a demurrer for want of sufficient facts should be overruled."

The law, under which the sufficiency of the petition and under which the right of the plaintiff to recover in this cause, under the allegations in said petition, must be measured by the statute law of this state.

is found under the head of "Boards of Trade," sections 3882, 3883 and 3884, Comp. Stat. 1921, which are as follows:

"That for the purpose of this act, the term 'Contract of Sale' shall be held to include sales, purchases, agreements of sale, agreements to sell and agreements to purchase; that the word 'person' wherever used in this act shall be construed to import the plural or singular, as the case demands, and shall include individuals, associations, partnerships and corporations.

"That all contracts of sales for future delivery of cotton, grain, stocks or other commodities (1) made in accordance with the rules of any board of trade, exchange or similar institution where such contracts of sale are executed and (2) actually executed on the floor of such board of trade, exchange or similar institution and performed or discharged according to the rules thereof; and (3) when such contracts of sale are placed with or through a regular member in good standing of a cotton exchange, grain exchange, board of trade, or similar institution organized under the laws of the state of Oklahoma or any other state shall be, and they are hereby declared to be valid and enforceable in the courts of this state according to their terms. Provided, that contracts of sale for future delivery of cotton in order to be valid and enforceable as provided herein must not only conform to, the requirements of clauses (1) and (2) of this section, but must also be made subject to the provisions of the United States Cotton Futures Act, approved August 11th, 1916; provided further, that if this clause should for any reason be held inoperative, then contracts for the future delivery of cotton shall be valid and enforceable if they conform to the requirements of clauses one and two of this section.

"That any broker, agent or any other person making advances to or for account of any party to any contract falling within and satisfying the provisions of the preceding section shall be entitled to recover the amount of such advances from the party to, or for account of whom, the advances were made."

It will be observed that the petition in this case contains all the necessary allegations required for said contracts by section 3882 and 3883 of the statute, which are sections one and two of the Session Laws of 1917, found at page 146, and that it contains the other necessary averments that the contracts were made subject to the United States Cotton Futures Act, approved August 11, 1916, and all amendments thereto. The allegations of the petition are that the contracts were made in writing, signed by the party to be charged, or by his agent in his behalf; that the plaintiff was a member of the New Orleans Cotton Exchange of New Orleans, La., in good standing; that the trades were made according to the rules of said cotton exchange and were placed by, with, and through a regular member in good standing of the said New Orleans Cotton Exchange, and that said orders were executed by and through members in good standing on the floor of the New Orleans Cotton Exchange of New Orleans; that the required stamps were placed on said contracts and were properly cancelled; that said orders were sent by telegraph from Oklahoma City to the plaintiff with the authority and consent of the defendants in writing, copies of which were attached to the petition and marked exhibits, and upon examination of said exhibits, we find that they are signed "Weleetka Gin Company. By authority of J. H. Goodrich," and that the orders contained a provision:

"Subject in all respects to the rules, bylaws and customs of the Exchange where executed, and subject to United States Cotton-Futures Act, section five, and the Oklahoma statutes; and also with the distinct understanding that actual delivery is contemplated and that the party giving the orders agrees to these terms."

It was further alleged in the petition that the plaintiff advanced the sum sued for to pay the defendants' expenses, losses, and commissions on the contracts for the purchases of said cotton, and to pay the revenue charges, losses, expenses, and disbursements for the use and benefit of these defendants, and a verified itemized statement was filed, showing the amounts expended and the purposes therefor.

In our opinion, the allegations of the petition are sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, and that the petition is good as against a general demurrer. It is, therefore, our opinion that the court committed reversible error in sustaining the general demurrer of the defendants to the petition of plaintiff, and that the judgment of the lower court should be and is hereby reversed, with directions to overrule the general demurrer filed in this cause, and to take such further action in the cause not inconsistent with this opinion.

By the Court: It is so ordered.