TEACHERS — STATUTORY MINIMUM SALARY INCREASES — RAISES IN EMPLOYMENT CONTRACT The teachers' salary increases provided for by Senate Bill 536, Chapter 273, Oklahoma Session Laws 1976, 16, mandate that all teachers shall receive the respective minimum salary increase therein provided. This mandated increase does not supersede those salary increases as may be otherwise provided under the terms and provisions of a teacher employment contract. The mandated increase shall be applied toward the amount of the contract increase should the contract increase exceed the statutory increase. The Attorney General has considered your request for a legal opinion wherein you ask, in effect, the following question: When a teacher has an existing employment contract with the local school district and such contract calls for periodic raises of salary and/or benefits, do the mandatory salary increases provided by Senate Bill 536, Chapter 273, Oklahoma Session Laws, 1976, supersede those raises previously agreed to by virtue of the contract between the teacher and the local school district? Senate Bill 536, Chapter 273, Oklahoma Session Laws, 1976, approved June 17, 1976, provides at Section 16: "Funds allocated in Section 6 of this act for teachers' salary increases for fiscal year 1977 are to provide a salary increase and/or fringe benefits of Eight Hundred Dollars ($800) for each state teacher. Such funds are to be allocated to every district in Oklahoma on the basis of Eight Hundred Forty-six Dollars and Eighty Cents ($846.80) for such teacher and shall be in addition to other funds allocated to each district. Provided, only Eight Hundred Dollars ($800) shall be allocated for each teacher in those districts which do not pay Federal Insurance Contributions Act (FICA) payments. Provided, if the professional staff and the Board of Education of a school district are using the negotiation process as set out by Oklahoma law, the distribution of the mandated increase may become a negotiable item if both negotiating parties so desire." In your request you inquire if the teacher salary increase mandated by the above-quoted Section 16 supersedes those salary increases previously agreed to under the terms and provisions of a teacher's employment contract. Stated otherwise, the question is asked, "Should the mandated raise be in addition to the current raises anticipated through the contract?" Clearly, Senate Bill 536 mandates that the statutory salary in creases be given to all those coming within its terms and provisions. Relative to the teacher's entitlement to contract salary increases in addition to the statutory increase, Senate Bill 536 is silent. Nothing within the specific terms and provisions of Senate Bill 536 indicates that the statutory salary increases were intended to supersede those salary increases as may be provided by contract. Accordingly, this question would be independently controlled by the specific terms and provisions of the employment contract. Local school boards have the statutory authority to enter into employment contracts with teachers and therein provide, within such limitations as may be imposed by law, for the compensation to be paid. Title 70 O.S. 5-117 [70-5-117] and 70 O.S. 6-106 [70-6-106] (1971). Also, Oklahoma follows the rule which provides that questions regarding the rights of the parties to a teacher's employment contract are primarily governed by the same rules of law generally applicable to contracts, this being, again, except as may be otherwise controlled by a statute. Anderson v. Miller, 172 Okl. 480, 45 P.2d 499
(1934); Smith v. School District No. 1, Marshall County, 187 Okl. 184, 102 P.2d 131 (1940). Should it be determined that by virtue of such employment contract a teacher is entitled to a salary increase which exceeds that amount mandated by Senate Bill 536, then the teacher would be entitled to receive from the school district the differences between the mandated salary increase and the contract salary increase. Under the same circumstances, should the contract salary increase be an amount less than the mandated statutory increase, the teacher would be entitled to receive the minimum amount provided by the legislative enactment. Stated otherwise, while the increase provided by Senate Bill 536 does not supersede those salary increases as may be provided by the employment contract, such mandated increase may be applied toward the contract increase should the latter exceed the former. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The teachers' salary increases provided for by Senate Bill 536, Chapter 273, Oklahoma Session Laws 1976, 16, mandate that all teachers shall receive the respective minimum salary increase therein provided. This mandated increase does not supersede those salary increases as may be otherwise provided under the terms and provisions of a teacher employment contract. The mandated increase shall be applied toward the amount of the contract increase should the contract increase exceed the statutory increase. (R. THOMAS LAY) (ksg) ** SEE: OPINION NO. 91-505 (1991) (UNPUBLISHED) **